**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Timothy Kenneth LARSON, Defendant-Appellant.**

**No. 79–5597.**

United States Court of Appeals, Fifth Circuit.

Aug. 28, 1980.

Charles D. Butts, San Antonio, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Fredrico G. Rodriguez, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GOLDBERG, TATE and SAM D. JOHNSON, Circuit Judges.

SAM D. JOHNSON, Circuit Judge:

During the early morning hours of September 11, 1978, the San Antonio police stopped a "Good Times Machine" van driven by Timothy Larson for failure to give a turn signal. The officers searched the van and discovered a .45 caliber automatic pistol under the driver's seat. The San Antonio police then arrested Larson for unlawfully carrying a firearm. In July 1979 Larson, a previously convicted felon, was tried in federal court on two counts of firearm violations. Count One charged Larson with violating 18 U.S.C. § 922(h)(1)[1] and Count Two

---

1. 18 U.S.C. § 922(h) provides:

    (h) It shall be unlawful for any person—
      (1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
      (2) who is a fugitive from justice;
      (3) who is an unlawful user of or addicted to marihuana or any depressant or stimulant

charged him with violating of 18 U.S.C. App. § 1202(a)(1).[2] After two days of trial and a full day of deliberation, the jury found the defendant guilty on both counts. The trial court sentenced Larson to three years imprisonment on Count One, pursuant to 18 U.S.C. § 924(a),[3] and two years imprisonment on Count Two, the sentences to run consecutively. The court subsequently suspended the two-year sentence and placed Larson on probation for five years, with the probationary period to commence upon Larson's completion of the three year term of imprisonment for violation of Section 922(h). Larson then instituted this appeal.

The central issue on appeal is whether or not the sentence imposed upon Larson was proper.[4] Specifically, Larson contends that the district court erred in sentencing him for violating both Section 922(h)(1) and Section 1202(a)(1). In evaluating defendant's argument, this Court must be guided by two recent opinions, *United States v. Bat-*

---

drug (as defined in section 201(v) of the Federal Food, Drug, and Cosmetic Act) or narcotic drug (as defined in section 4731(a) of the Internal Revenue Code of 1954); or

(4) who has been adjudicated as a mental defective or who has been committed to any mental institution;

to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**2.** 18 U.S.C. App. § 1202(a) provides:

(a) Any person who—

(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, or

(2) has been discharged from the Armed Forces under dishonorable conditions, or

(3) has been adjudged by a court of the United States or of a State or any political subdivision thereof of being mentally incompetent, or

(4) having been a citizen of the United States has renounced his citizenship or

(5) being an alien is illegally or unlawfully in the United States,

and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

**3.** 18 U.S.C. § 924 is the section that establishes the penalties for violations of § 922. Section 924(a), the applicable provision, provides:

---

*chelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979) and *United States v. Girst,* No. 77–1604 (D.C.Cir.1979). The holdings in *Batchelder* and *Girst* indicate that the district court erred in sentencing defendant Larson under both statutory provisions.

*Batchelder*

The starting point for evaluating the interaction between Sections 922(h), 924(a) and 1202(a) is *United States v. Batchelder.* In *Batchelder* the defendant was charged with and convicted of violating Section 922(h) and was sentenced under Section 924(a) to five years imprisonment. On appeal the Seventh Circuit reversed and remanded for resentencing. The Seventh Circuit reasoned that there was an ambiguity between Sections 922(h) and 924(a), which authorize a five year maximum term for firearms violations, and Section 1202(a), which provides for a maximum term of two years for the identical offense. According-

---

(a) Whoever violates any provision of this chapter or knowingly makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter, or in applying for any license or exemption or relief from disability under the provisions of this chapter, shall be fined not more than $5,000, or imprisoned not more than five years, or both, and shall become eligible for parole as the Board of Parole shall determine.

**4.** In addition to the challenge to the sentence, defendant raises seven other points of error on appeal. Defendant contends that: (1) the trial court erred by failing to suppress all evidence seized at the time of the arrest; (2) the trial court erred by failing to suppress oral statements made by Larson after his arrest; (3) the trial court erred by overruling Larson's motions for judgment of acquittal; (4) the trial court erred in granting the Government's fabrication of evidence charge; (5) the trial court erred in admitting a forged receipt into evidence; (6) the trial court erred by overruling Larson's motion for a mistrial on Count One of the indictment; and (7) the trial court erred by failing to submit a limiting instruction to the jury with regard to Larson's prior federal firearm conviction. This Court's review of the record reveals that these points of error are completely without merit.

ly, the Seventh Circuit held an individual convicted of violating Section 922(h) could not be sentenced for more than the two year term provided by Section 1202(a). The Supreme Court granted certiorari and reversed the Circuit Court. The Supreme Court held that a defendant convicted of violating Section 922(h) could properly be sentenced to five years under Section 924(a), even though the defendant also violated Section 1202(a), *but was not charged with violating that section*. In short, a defendant who violates Section 922(h) can be sentenced to the maximum five years provided by Section 924(a), even though that defendant could only have received two years had the defendant been charged with violating Section 1202(a).

### Girst

The defendant in *Batchelder* was only charged with and convicted of violating one of the firearm statutes. In *United States v. Girst* the District of Columbia Circuit Court dealt with a criminal appeal virtually identical to the one in the case at bar. The defendant in *Girst* was charged with and convicted of violating two of the firearm statutes, Section 922(g)(1)[5] and Section 1202(a). Relying on the Supreme Court's statement in *Batchelder* that the Government may prosecute under either Section 922(h) or Section 1202(a), the District of Columbia Circuit Court held that a defendant may not be convicted and sentenced under both statutes. "The United States Attorney had the prosecutorial discretion to choose to proceed under *either* statute, but he did not exercise such election. Instead he proceeded and obtained convictions under *both* statutes." *Slip Op.* at 8. The Circuit Court thus remanded the case to the district court with instructions " 'to vacate in its discretion one or the other' of the two gun related federal convictions." *Id., citing*

*United States v. Dorsey*, 591 F.2d 922 (D.C. Cir.1978).

### Larson

In the case at bar the defendant was charged with and convicted of violating both Section 922(h)(1) and Section 1202(a)(1). Given *Batchelder* and the District of Columbia Circuit Court's analysis in *Girst*, it is clear that the district court erred in upholding both convictions and sentencing defendant under both statutes. The United States Attorney has the discretion to prosecute under either Section 922(h)(1) or Section 1202(a)(1). The United States Attorney may not proceed under both statutes. Accordingly, the case is remanded to the district court with instructions to vacate one of the two gun related federal convictions. On remand the district court may exercise its discretion in deciding which conviction to vacate. The district court is not required to vacate the judgment carrying the most severe punishment. *United States v. Gardner*, 605 F.2d 1076 (8th Cir. 1979). The trial judge, however, may not increase the sentence for the conviction that is left intact. *See Chandler v. United States*, 468 F.2d 834 (5th Cir. 1972); *United States v. Newman*, 468 F.2d 791 (5th Cir. 1969), *cert. denied*, 411 U.S. 905, 93 S.Ct. 1527, 36 L.Ed.2d 194 (1973).

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

**5.** 18 U.S.C. § 922(g)(1) provides:

(g) It shall be unlawful for any person—
  (1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
  (2) who is a fugitive from justice;
  (3) who is an unlawful user of or addicted to marihuana or any depressant or stimulant drug (as defined in section 201(v) of the Federal Food, Drug, and Cosmetic Act) or narcotic drug (as defined in section 4731(a) of the Internal Revenue Code of 1954); or
  (4) who has been adjudicated as a mental defective or who has been committed to a mental institution;
to ship or transport any firearm or ammunition in interstate or foreign commerce.