UNITED STATES of America,
Plaintiff–Appellee,

v.

William M. HODGES,
Defendant–Appellant.

No. 79–4057.

United States Court of Appeals,
Fifth Circuit.

Oct. 14, 1980.

F. Scott McCown, Houston, Tex. (Court–appointed), for defendant–appellant.

Rebecca Gregory, Asst. U. S. Atty., Dallas, Tex., Patty Merkamp Stemler, Wil-

liam C. Bryson, Dept. of Justice, Washington, D. C., for the United States.

Before THORNBERRY, GEE and REAVLEY, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellant was convicted in the United States Court for the Northern District of Texas on two firearms charges: possession of a revolver (count one) in violation of 18 U.S.C. App. § 1202(a)(1)[1] and receipt of a shotgun (count two) in violation of 18 U.S.C. § 922(h)(1).[2] The district court sentenced him to serve consecutively two years on the first count and three and one-half years on the second. We agree with appellant's contention that this imposition of consecutive sentences unlawfully exceeded the maximum punishment prescribed by Congress for the offense committed. The case accordingly is remanded to the district court for resentencing in light of this opinion.

On December 28, 1977, local police officers were executing search warrants at a residence in Haltom City, Texas, when appellant arrived in a car driven by his companion. One of the officers approached the car and spotted a shotgun inside it resting upright against appellant's leg. As appellant got out of the car, the officer also noticed a .38 caliber pistol lying on the seat where appellant had been sitting.

At trial the government established (1) that appellant had been convicted of federal felony offenses on three prior occasions, (2) that the necessary nexus between the firearms and interstate commerce existed, and (3) that appellant had simultaneous possession of both firearms. The government introduced no evidence to prove that appellant received the two firearms at different times.

## I. *The Allowable Unit of Prosecution*

 It is well-established that the simultaneous, undifferentiated possession of multiple firearms constitutes only one offense under 18 U.S.C. App. § 1202(a). *United States v. Bullock*, 615 F.2d 1082 (5th Cir. 1980); *United States v. Causey*, 609 F.2d 1105 (5th Cir. 1979); *United States v. Rosenbarger*, 536 F.2d 715 (6th Cir. 1976), *cert. denied*, 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977); *United States v. Kinsley*, 518 F.2d 665 (8th Cir. 1975); *United States v. Calhoun*, 510 F.2d 861 (7th Cir. 1975), *cert. denied*, 421 U.S. 950, 95 S.Ct. 1683, 44 L.Ed.2d 104 (1976). The same rule governs the simultaneous receipt of firearms in violation of 18 U.S.C. § 922(h). *United States v. Powers*, 572 F.2d 146 (8th Cir. 1978); *cf. McFarland v. Pickett*, 469 F.2d 1277 (7th Cir. 1972) (construing

---

**1.** 18 U.S.C. App. § 1202(a) provides:

(a) Any person who—

(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, or

(2) has been discharged from the Armed Forces under dishonorable conditions, or

(3) has been adjudged by a court of the United States or of a State or any political subdivision thereof of being mentally incompetent, or

(4) having been a citizen of the United States has renounced his citizenship, or

(5) being an alien is illegally or unlawfully in the United States,

and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

**2.** 18 U.S.C. § 922(h) provides:

(h) It shall be unlawful for any person—

(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

(2) who is a fugitive from justice;

(3) who is an unlawful user of or addicted to marihuana or any depressant or stimulant drug (as defined in section 201(v) of the Federal Food, Drug, and Cosmetic Act) or narcotic drug (as defined in section 4731(a) of the Internal Revenue Code of 1954); or

(4) who has been adjudicated as a mental defective or who has been committed to any mental institution;

to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

§ 922(j)); *United States v. Carty,* 447 F.2d 964 (5th Cir. 1971) (construing § 922(i)). These decisions firmly establish the proposition that Congress intended, whether wisely or not, to punish the undifferentiated possession or receipt of multiple firearms in violation of either § 1202(a) or § 922(h) no more severely than the possession or receipt of a single firearm. Congress did not intend, in other words, to make the firearms themselves the allowable units of prosecution, unless they were received at different times or stored in separate places. *United States v. Bullock,* 615 F.2d 1082 (5th Cir. 1980).

■ The government argues, however, that receipt of a firearm in violation of § 922(h) is sufficiently different from possession of a firearm in violation of § 1202(a) to permit the government to accomplish under the two statutes together what it concedes it could not accomplish under either statute alone. In *United States v. Larson,* 5th Cir. 1980, 625 F.2d 67, however, we recently held that Congress did not intend § 922(h) and § 1202(a) to operate so as to allow consecutive sentencing for the receipt and subsequent possession of a single firearm, but rather intended the receipt and possession to merge into a single offense. The government must elect, therefore, to prosecute the single offense under either § 922(h) or § 1202(a). *See United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979) (dicta); *United States v. Girst,* No. 77–1604 (D.C.Cir. March 28, 1979). *But see United States v. Larranaga,* 614 F.2d 239 (10th Cir. 1980).

■ Thus, in light of *Larson,* the case before us is conceptually tantamount to and the practical equivalent of those cases involving prosecution under either § 922(h) or § 1202(a) for the undifferentiated receipt or possession of multiple firearms, cases in which the courts agree that consecutive sentencing is illegal, and we find no sound reason to suppose that Congress intended courts to reach wholly different results in such essentially similar cases. Moreover, doubts about Congress' intent in this regard must be resolved in favor of the defendant.

*Simpson v. United States,* 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978); *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955); *United States v. Thompson,* 5th Cir. 1980, 624 F.2d 740. Thus, both precedent and principles of statutory construction compel us to conclude that appellant's consecutive sentences illegally exceeded the maximum punishment prescribed by Congress.

■ We do not mean to suggest by our decision today, however, that multiple convictions and consecutive sentencing are never proper when the government seeks to prosecute for the possession of one firearm under § 1202(a)(h) and for the receipt of another in violation of § 922(h). Consecutive sentencing is lawful in those cases in which the government establishes that the defendant received the firearms at different times or stored them in separate locations. *United States v. Bullock,* 615 F.2d 1082 (1980); *United States v. Rosenbarger,* 536 F.2d 715 (6th Cir. 1976), *cert. denied,* 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977).

In the present case, however, although the government now attempts unsuccessfully to establish that appellant received the firearms at different times, the case was tried to the jury as one essentially of simultaneous possession. No attempt was made at trial to differentiate the firearms. Rather, the government relied upon the fact of possession to prove the indeterminate fact of receipt. For example, the trial judge instructed the jury: "To receive is to take into possession and to control. Thus, when an object has been taken into possession and control it has been received. If you find that the defendant possessed the gun, he must then *at some point* have received it." Trial Transcript at 162 (emphasis added). This instruction suggests, and the record as a whole reveals, that appellant illegally received two sentences for the proof of one crime.

## II. *Resentencing on Remand*

The district court sentenced appellant to serve three and one–half years for his violation of § 922(h). The maximum imprison-

ment allowable for this violation is five years. 18 U.S.C. § 924(a). Appellant was sentenced to the maximum two–year term of imprisonment for violating § 1202(a). The cumulative penalty thus exceeded by six months the maximum penalty allowable under either statute. The question which we must now answer is whether the district court on remand must merely vacate one of the two sentences, or whether it may additionally resentence appellant to the maximum five–year term prescribed for violation of § 922(a).

This Court has consistently held that resentencing to the maximum penalty authorized by law is permitted when the aggregate of the illegally imposed consecutive sentences equals or exceeds the maximum for which the court lawfully could have sentenced the defendant. *United States v. McDaniel*, 550 F.2d 214 (5th Cir. 1977); *Rollins v. United States*, 543 F.2d 574 (5th Cir. 1976).[3] Resentencing is disallowed only when it possibly could serve as an opportunity to punish the defendant's exercise of his right to appeal. *See United States v. Larson, supra* (consecutive sentences did not equal or exceed maximum); *Chandler v. United States*, 468 F.2d 834 (5th Cir. 1972) (possible upward modification of unchallenged count); *United States v. Newman*, 468 F.2d 791 (5th Cir. 1972) (concurrent sentences could be made consecutive). Since appellant in this instance can necessarily only benefit from his appeal and subsequent resentencing, the concerns which prompted us to bar resentencing in other contexts are inapposite here. Thus, we conclude, as we did in *McDaniel* and *Rollins*, that proper resentencing is an available option to the district court upon remand.

REVERSED AND REMANDED.

3. Resentencing in cases such as these does not subject defendants to double jeopardy. The Double Jeopardy Clause prohibits "multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 194 (1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The resentencing at issue here, however, which must necessarily do no more than reduce the punishment appellant would otherwise be subjected to, cannot be characterized in any meaningful sense as "multiple punishment." Rather, the whole thrust of our decision today is to require a single, lawful punishment for a single offense.