**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jimmie Lavern IVY,
Defendant-Appellant.**

**No. 80–3784
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

May 4, 1981.

Jimmie Lavern Ivy, pro se.

George L. Phillips, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

Jimmie Lavern Ivy was convicted of possessing a firearm in violation of 18 U.S.C. App. § 1202(a)(1) and of interstate transportation of the same firearm in violation of 18 U.S.C. § 922(g)(1). Ivy was sentenced to two years imprisonment on the possession count and five years imprisonment on the interstate transportation count, the sentences to be served consecutively. The defendant took a direct appeal from his conviction challenging the denial of a motion to suppress, certain instructions given by the trial judge, the sufficiency of the evidence, and the eighth amendment validity of the sentences imposed. A panel of this court affirmed Ivy's convictions in an unpublished opinion dated March 15, 1979. Ivy's three previous motions for post-conviction relief were denied by the district court. Ivy now appeals from the district court's denial of his fourth such motion.[1]

A combination of recent cases requires us to reverse the district court. *United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), held that the government may prosecute under either of two gun control statutes even though one prescribes a longer sentence than another. In *United States v. Girst,* 645 F.2d 1014 (D.C. Cir. 1979), *Batchelder* was construed to mean that while "the government may prosecute under 'either' section 922 or section 1202," convictions under both sections cannot stand. Girst, sentenced under the same two statutes as was Ivy, was held entitled under

---

1. While successive repetitious petitions under 28 U.S.C. § 2255 need not be entertained, a petitioner is entitled to a new hearing on a ground previously litigated if there has been an intervening change in the law. *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed. 148 (1963).

*Batchelder* to vacation of one of the two convictions. Finally, in *United States v. Larson,* 625 F.2d 67 (5th Cir. 1980), this court, applying *Girst* to dual sentences under similar statutes, held that Larson was impermissibly sentenced under both section 922(h)(1) and section 1202(a)(1) for receiving a firearm and transporting it across state lines. *See also United States v. Hodges,* 628 F.2d 350 (5th Cir. 1980).

We conclude that the combination of these precedents requires us to reverse the judgment of the district court.[2] One of Ivy's convictions must be vacated. "On remand the district court may exercise its discretion in deciding which conviction to vacate. The district court is not required to vacate the judgment carrying the most severe punishment.... The trial judge, however, may not increase the sentence for the conviction that is left intact." *Larson,* 625 F.2d at 69 (citations omitted).

The judgment of the district court is reversed, and the case is remanded with directions to vacate one of Ivy's convictions.

REVERSED AND REMANDED.

---

2. As these precedents are based on statutory interpretation, the recent Supreme Court decision in *Albernaz v. United States,* —— U.S. ——, 101 S.Ct. 1137, 67 L.Ed.2d —— (1981), does not affect their validity.