**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Richard Bullock HENRY a/k/a Imari**
**Abubakari Obadele,**
**Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Wayne JAMES, a/k/a Offoga Quaddus,**
**and Thomas Norman, a/k/a Hekima**
**Ana, Defendants-Appellants.**

**Nos. 81–4107, 81–4254.**

United States Court of Appeals,
Fifth Circuit.

July 14, 1982.

---

**404**

Fred L. Banks, Jr., Jackson, Miss. (Court-appointed), for Henry.

James B. Tucker, Asst. U.S. Atty., Jackson, Miss., Patty Merkamp Stemler, U.S. Dept. of Justice, Washington, D.C., for U.S.

Barbara Y. Phillips, San Francisco, Cal., for James and Norman.

Before GEE and JOHNSON, Circuit Judges, and VAN PELT *, District Judge.

VAN PELT, District Judge:

The issue before this court on appeal is whether, after a defendant has successfully brought a Rule 35 motion to correct an illegal sentence challenging only one count out of multiple counts, the sentencing court may vacate not only the sentence on the illegal challenged count, but also increase the sentence on an unchallenged count in order to achieve the trial court's original sentencing intent. Defendants contend the trial court erred because (1) under Fed.R. Crim.P. 35 the trial court had no authority to modify a legal sentence that had not been challenged; and (2) even if the trial court had the authority to modify the sentence on the unchallenged count, to do so would constitute a violation of the fifth amendment's double jeopardy and due process clauses.

The facts leading up to the arrest and convictions of these defendants are fully set out in a previous opinion of this court entitled *United States v. James*, 528 F.2d 999 (5th Cir.), *cert. denied*, 429 U.S. 959, 97 S.Ct. 382, 50 L.Ed.2d 326 (1976). Because this is

* District Judge of the District of Nebraska, sitting by designation.

the third time these defendants have been sentenced, and the cases have appeared before us on appeal previously, it may be beneficial to recount the rather lengthy procedural history which brings us here today.

## I. PROCEDURAL HISTORY

Henry and James, together with seven other members of the Republic of New Africa, were indicted on October 22, 1971, after assaulting federal officers with firearms. The indictment charged them in Count I with a conspiracy in violation of 18 U.S.C. § 371.[1] The object of the conspiracy was to forcibly assault federal officers engaged in the performance of their duties, to use firearms to commit the assault, and to unlawfully possess unregistered firearms. The overt acts of the conspiracy count constituted the other substantive counts of the indictment. Thus, Count II charged all defendants with using weapons to assault federal officers in violation of 18 U.S.C. §§ 111 and 2.[2] Count III charged all defendants with using a firearm to commit a felony in

violation of 18 U.S.C. §§ 924(c)(1) and (2).[3] Count IV charged only the defendant James with possessing an unregistered machinegun in violation of 26 U.S.C. § 5861(d).[4] Henry and James were convicted on each of the counts for which they were indicted. On the Count I conspiracy charge each received 5 years, on the Count II armed assault charge each received 7 years to run concurrently with Count I, and on the Count III felony firearm charge each received 5 years to run consecutive to the sentence on Counts I and II. Additionally, James was sentenced to 5 years on Count IV to run concurrently with Counts I and II. Thus, the total number of years to be served by defendants was 12. Defendants appealed and the sentences were affirmed by this court in *United States v. James, supra.*

Subsequently, this court decided *United States v. Shillingford,* 586 F.2d 372 (5th Cir. 1978) which held that a defendant could not be sentenced under both § 924(c) and § 111.[5] Henry and James separately filed a

---

**1.** 18 U.S.C. § 371 states in relevant part:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both."

**2.** 18 U.S.C. § 111 reads as follows:

"Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both."

"Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both." The persons designated in 18 U.S.C. § 1114 included "any officer or employee of the Federal Bureau of Investigation of the Department of Justice."

18 U.S.C. § 2 is the aiding and abetting statute.

**3.** 18 U.S.C. § 924(c)(1) reads as follows:
"Whoever—
(1) uses a firearm to commit any felony for which he may be prosecuted in a court of the

United States.... shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years. In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to a term of imprisonment for not less than two nor more than twenty-five years and, notwithstanding any other provision of law, the court shall not suspend the sentence in the case of a second or subsequent conviction of such person or give him a probationary sentence, nor shall the term of imprisonment imposed under this subsection run concurrently with any term of imprisonment imposed for the commission of such felony."

**4.** 26 U.S.C. § 5861(d) reads as follows:

"It shall be unlawful for any person—

\* \* \* \* \* \*

"(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record;"

**5.** The *Shillingford* decision was based upon *Simpson v. United States,* 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978) which held that a defendant using a firearm to commit a robbery could not be sentenced under both 18 U.S.C. § 2113(d) and 18 U.S.C. § 924(c).

Motion to Correct Illegal Sentence alleging that the sentence on Count III was contrary to the laws of the United States. Henry's motion was granted on March 12, 1979, and James' motion was granted November 1, 1979.[6] In both instances, the lower court vacated the Count II armed assault sentence and left intact the consecutive 5 year sentence on the Count III felony firearm charge for a total term of imprisonment of 10 years.

Defendants appealed separately to this court. Initially, a panel affirmed Henry's conviction on the basis that they were bound by *Shillingford, supra,* which had indicated that the lower court could choose to vacate either the § 111 or § 924(c)(1) conviction. *United States v. Henry,* 611 F.2d 983 (5th Cir. 1979). However, a rehearing en banc was granted, with the result that the sentence was vacated and remanded to the district court for further proceedings consistent with *Busic v. United States,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980). *United States v. Henry,* 621 F.2d 763 (5th Cir. 1980) (en banc). A little over a month later, James' sentence was also vacated and remanded for consideration in light of the *Busic* decision.

In *Busic,* the Supreme Court determined that a person could not be sentenced under both § 924(c) and § 111. The Supreme Court further determined that § 111 should be given precedence in sentencing, and reversed and remanded "for proceedings consistent with this opinion. . . ." *Busic, supra* 446 U.S. at 412, 100 S.Ct. at 1756. The

Court expressed no opinion on the question of whether the district court could vacate the sentence on the § 111 count.[7]

Faced a third time with considering a sentence for Henry, the district court filed a Memorandum Opinion on February 27, 1981, vacating the sentence on Count III, and reinstating the sentence on Count II but reducing it to five years instead of seven and making it consecutive instead of concurrent. The effect of this action was to reduce the overall term of the original sentence from 12 to 10 years; however, if the court had merely vacated the illegal sentence imposed on Count III as challenged by defendant, Henry would have been left with an aggregate sentence of seven years. The trial court indicated that its original sentencing intent was to require Henry to serve 12 years imprisonment. The court stated:

"If this Court had known that the Count Three sentence was illegal, that is, could have foreseen the holding in *Busic,* it would certainly have imposed a seven year sentence on Count Two to run consecutively with the five year sentence imposed on the conspiracy count (Count One). However, we could not foresee the holding in *Busic,* and of course, neither could the Court of Appeals for the Fifth Circuit in its original opinions in *Shillingford* and the instant case, at the time it initially ruled on the appellants' attacks on their sentences."

\*   \*   \*   \*   \*   \*

---

**6.** These are the filing dates, not the dates the orders were signed.

**7.** The government had requested the Supreme Court to vacate the sentence on the § 111 count if defendants could not be sentenced under § 924(c). The Supreme Court recognized this, but stated in a footnote:

"The Government makes a conditional plea that should we find § 924(c) to be inapplicable to these petitioners we vacate not only the § 924(c) sentences, but also those imposed by the District Court under § 111. This, the Government urges, would permit that court to resentence petitioners under the enhancement provision of the latter statute. The argument is that the District Court in-

tended to deal severely with the assaults in question and should not be prevented from doing so by its choice of the incorrect enhancement provision. The Court of Appeals has not considered this contention in this context and we are reluctant to do so without the benefit of that court's views. Accordingly, we express no opinion as to whether in the particular circumstances of this case such a disposition would be permissible." *Busic, supra* 446 U.S. at 412 n.19, 100 S.Ct. at 1756 n.19. On remand the Third Circuit *did* vacate and increase the § 111 sentence. *United States v. Busic,* 639 F.2d 940 (3d Cir. 1981). This case is discussed in greater detail hereafter.

"This Court feels that inasmuch as it determined the gravity of the offense in question to warrant the twelve year sentence originally imposed upon this defendant, to require him to serve a ten year sentence, in view of the fact that we were required to vacate his Count Three sentence, does not violate the double jeopardy clause, nor does it result in any inequity or unfairness and certainly does not exceed the maximum sentence prescribed by the Congress."

In arriving at this result, the lower court determined that prior case law from this circuit and others was not applicable. An order which incorporated this memorandum was entered in *Henry* on March 25, 1981, correcting the sentence. Subsequently, on May 28, 1981, the lower court entered a similar order in *James* incorporating the memorandum opinion in *Henry*.

The two cases were consolidated on appeal to this court. The appeal was initially argued before another panel of this court on November 18, 1981; supplemental briefs were requested on the issue of whether the court had jurisdiction under Rule 35 to modify the unchallenged sentence on Count II. This having been done, the case is once again before us for review.

## II. RULE 35 JURISDICTION

Rule 35 provides as follows:

"(a) *Correction of sentence.* The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

"(b) *Reduction of sentence.* The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court deny-

ing review of, or having the effect of upholding a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision."

Appellants contend that the sentence on Count II was not illegal since it was within the statutory limits. Furthermore, appellants contend that (1) the Count II sentence was not imposed in an illegal manner, (2) changing it from concurrent to consecutive constituted an increase, not a reduction, in the sentence, and (3) even if it were considered a reduction in sentence, because the term of years was changed from seven to five, the reduction occurred well outside the 120 day time limitation. In sum, they contend that the court had no jurisdiction to alter its sentence on Count II.

The government contends that the word "sentence" is commonly understood to mean both the penalties imposed on each separate count, and also the total punishment imposed by the court for all related counts of an indictment. The government contends that if a part of the court's total sentence is vacated, "the court's entire sentencing plan is affected" and therefore

"Rule 35 should permit the district court to correct that illegal sentencing scheme by adjusting the various penalties in a way that renders the sentence lawful and at the same time preserves the district court's sentencing intent."

United States supplemental brief at 6.

There is little precedent or authority on this issue. Appellants in their supplemental brief [8] admit that virtually all cases which have considered the question of whether an unchallenged sentence on one count of an indictment can be increased have decided the issue by reference to the double jeopardy clause, and not Rule 35.[9] Appellants

---

8. Only Henry filed a supplemental brief on this issue. James has relied upon Henry's arguments.

9. Henry's supplemental brief at 2 states:

contend that the only square holding with regard to the jurisdictional question comes in *United States v. Busic*, 639 F.2d 940 (3d Cir. 1981). However, it is doubtful that *Busic* really considered the issue. The only time Rule 35 is specifically mentioned in the opinion is when the court is summarizing the defendants' argument.[10] Following the summarization of each of the parties' contentions, the court immediately proceeds to an analysis of the double jeopardy clause.[11] There would be no need to consider double jeopardy if, in fact, the court was without jurisdiction to reduce a valid sentence. The *Busic* court had obviously decided to reach the issue on the merits. We do not mean to be overly critical of the *Busic* opinion. In fact, we agree with much of its double jeopardy rationale, and the overall result. However, we do not believe it or any other case has considered the precise issue we have before us.

■ Rule 35 on its face would appear to be enacted for the benefit of defendants—the correction or reduction of sentences. However, the correction of an illegal sentence does not necessarily mean that the correction will always result in a reduction of a sentence for a defendant. Where the court has imposed a sentence less than the statutory minimum, Rule 35 allows the court to bring the defendant back into court and increase the sentence. *Bozza v. United States*, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947); *Llerena v. United States*, 508 F.2d 78 (5th Cir. 1975); *Tanner v. United States*, 493 F.2d 1350 (5th Cir. 1974); *Caille v. United States*, 487 F.2d 614 (5th Cir. 1973); *Reyes v. United States*, 262 F.2d 801 (5th Cir. 1959). In *Llerena*, the correction involved the imposition of a mandatory spe-

cial parole term of three years which was not imposed until after the defendant had already been released from prison. Nevertheless, this circuit found that: "The mistakes by the trial judge could not give Llerena immunity from such mandatory parole term." *Llerena, supra* at 82 (footnote omitted). Thus, a correction can be made in a sentence even though the result may not be favorable for the defendant. As the Supreme Court stated in *Bozza, supra* 330 U.S. at 166–67, 67 S.Ct. at 648–49:

> "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner...."

It is clear then that Rule 35 does not exist solely for the benefit of the defendant. Instead, it balances the scales of justice. It ensures that a defendant will not be treated either more harshly or more leniently than the law allows.

■ The question then is whether, in order to correct a sentence, the lower court may treat two counts as interdependent and both illegal and vacate them both. Despite the novelty of the discussion, the answer has already been given in *United States v. Hodges*, 628 F.2d 350 (5th Cir. 1980). Although Rule 35 was not discussed, a panel of this circuit clearly treated the sentences in the aggregate. The situation was very similar to what we have here—Hodges was convicted on two counts and given consecutive sentences for what amounted to a single offense. On Count I, the maximum penalty that could have been imposed was 2 years, and the court sentenced the defendant to 2 years. On Count II, the maximum penalty that could have been imposed was 5

---

"In addressing sentencing questions similar to the one posed here, almost all reported decisions have relied exclusively upon the double jeopardy theory as defined by *Ex parte Lange*, 85 U.S. (18 Wall.) 163 [21 L.Ed. 872] and its progeny. The Supreme Court in *United States v. D. Francesco* [*sic*], 449 U.S. 117 [101 S.Ct. 426, 66 L.Ed.2d 328] (1980) has given reason to question the continued validity of that line of cases and this issue is treated elsewhere in the briefs on this consolidated appeal.

"Very little has been written, however, on the question of the sentencing court's jurisdiction to modify a sentence. No reasoned opinion has come to the attention of counsel and the only square holding on the issue is that in *United States v. Busic*, 639 F.2d 940 (3d Cir. 1981). Appellant submits that *Busic*, which is devoid of citation and limited in discussion is wrongly decided."

10. *Busic, supra* at 943.

11. *Id.* at 944.

years, and the court sentenced the defendant to 3–½ years to run consecutive to the first count. This court held that the defendant could not be sentenced under both statutory provisions. Instead of merely vacating one of the counts, whether it be the lesser or the greater of the two, this circuit held that the district court in its discretion could resentence the defendant to the maximum of 5 years which could have been imposed under Count II. The court stated:

> "This Court has consistently held that resentencing to the maximum penalty authorized by law is permitted when the aggregate of the illegally imposed consecutive sentences equals or exceeds the maximum for which the court lawfully could have sentenced the defendant.... Resentencing is disallowed only when it possibly could serve as an opportunity to punish the defendant's exercise of his right to appeal...."

*Hodges, supra* at 353 (citations omitted). The court in *Hodges* determined that the defendant could only benefit from his appeal and resentencing because if a 5-year sentence were imposed, it would be less than the 5½ years imposed under the illegal consecutive sentences.

*Hodges* is important because it shows that this court viewed sentences covering the same criminal behavior as interdependent. *Hodges* considered *both* sentences illegal, although either one would have been perfectly valid standing alone. We can find no reason why the sentences should be treated as interdependent in *Hodges*, and independently in this case.[12]

Where there are two counts arising out of the same behavior there is every reason to believe that the sentencing court has divided the punishment between the two counts. The lower court has plainly told us that is what happened in this instance.[13] Sentencing has always been left to the discretion of the judge, not the defendant.[14] Defendants here think that by challenging only one count they can control what sentence they receive and escape a sentence totalling only about one-half of the sentence that was originally imposed. To allow them to do so would be to escape the punishment the sentencing court felt they deserved. The fact is that the maximum sentence which could have been imposed on the § 111 count was 10 years. By sentencing the defendant under both § 111 and § 924(c), the court imposed a 12-year sentence. On remand, the court vacated the 7 year concurrent sentence and imposed a 5 year consecutive sentence; this is still well within what the court could have done if it had known that it could not divide the sentence between the two counts. The lower court has merely corrected the illegal sentence it first im-

---

12. We realize that *Hodges, supra* indicates that upward modification of an unchallenged count would be impermissible. *Id.* at 353. However, the cases cited for this proposition, such as *Chandler v. United States*, 468 F.2d 834 (5th Cir. 1972) and *United States v. Newman*, 468 F.2d 791 (5th Cir. 1972), *cert. denied*, 411 U.S. 905, 93 S.Ct. 1527, 36 L.Ed.2d 194 (1973), are based on an analysis of the double jeopardy clause. There is nothing in these cases which indicates that the sentences should not be considered in the aggregate for Rule 35 purposes. The double jeopardy contention is dealt with separately in the third section of this opinion.

13. On remand, the defendants in *United States v. Busic*, 639 F.2d 940 (3d Cir. 1981) argued that *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) prevented considering the subjective intent of the sentencing judge. *Busic* did not really distinguish *Addonizio*, but it is clear that the court was sensitive to the trial judge's intent because one of the reasons it gave for allowing the modification of the § 111 count was that the trial court's sentencing plan would be thwarted otherwise. Although the defendants here have not argued that *Addonizio* prevents the trial court from achieving its sentencing intent, we feel compelled to comment that we do not believe *Addonizio* prevents the result we reach here. *Addonizio* was a collateral attack under 28 U.S.C. § 2255 and dealt with the change of parole guidelines by the U.S. Parole Commission after a defendant had been sentenced. In *Addonizio*, no part of the sentence was illegal at any time. Here, we deal with an illegal sentence.

14. "It is elementary that sentencing is discretionary with the trial judge ...." *Gurleski v. United States*, 405 F.2d 253, 263 (5th Cir. 1968), *cert. denied*, 395 U.S. 977, 89 S.Ct. 2127, 23 L.Ed.2d 765 and 395 U.S. 981, 89 S.Ct. 2140, 23 L.Ed.2d 769 (1969).

posed. While the correction is not as large as the defendants had hoped for or envisioned, it is a definite reduction from the original 12 year sentence. Defendants have obviously not been punished for their Rule 35 efforts.

In sum, we find that in this particular situation the sentence for defendants' behavior was clearly divided between § 111 and § 924(c), and the two sentences were interdependent.[15] As such, when one of the counts was illegal, they were both illegal and the trial court had the authority under Rule 35 to vacate both sentences and resentence the defendants.

### III. THE DOUBLE JEOPARDY CLAUSE

■ Having determined that the district court had jurisdiction to correct the illegal sentence by vacating both Count II and Count III, we next turn to the issue of whether it was a violation of the double jeopardy clause to resentence defendant on Count II to a consecutive term of 5 years after he had been originally sentenced to a concurrent term of 7 years.

The question of whether the sentencing court can increase the sentence on an unchallenged count has been before this circuit before in *Chandler v. United States*, 468 F.2d 834 (5th Cir. 1972). The facts in *Chandler* were similar to the case before us. The petitioner had brought a Rule 35 motion to reduce or vacate an excessive sentence; the trial court reduced the excessive count and increased an unchallenged count in order to carry out the intent of the court. A panel of this circuit found that such action violated the double jeopardy clause. The *Chandler* court stated:

> "The double jeopardy provision of the Constitution is designed to protect an individual from being retried for the same criminal acts. It is well established that this safeguard is not limited to the retrial of the question of guilt, but also protects against resentencing for the same of-

fense. 'For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict.' *Ex Parte Lange*, 1873, 18 Wall. 163, 173, 85 U.S. 163, 21 L.Ed. 872.''

*Chandler, supra* at 835. We would be bound to follow *Chandler* as the law of this circuit, were it not for the intervening decision of *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). *DiFrancesco* involved the issue of whether it was a violation of the double jeopardy clause to give the government a statutory right to appeal the sentence given to a person designated as a "dangerous special offender." In the course of determining this issue, the Supreme Court thoroughly reviewed the purpose and history of the double jeopardy clause. From this review emerged several propositions; among them were the following:

> "C. This Court's decisions in the sentencing area clearly establish that a sentence does not have the qualities of constitutional finality that attend an acquittal. . . .
>
> "D. The double jeopardy considerations that bar reprosecution after an acquittal do not prohibit review of a sentence. We have noted above the basic design of the double jeopardy provision, that is, as a bar against repeated attempts to convict, with consequent subjection of the defendant to embarrassment, expense, anxiety, and insecurity, and the possibility that he may be found guilty even though innocent. . . .
>
> "E. The Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be. . . ."

*DiFrancesco, supra* at 134, 136, 137, 101 S.Ct. at 436, 437. Furthermore, the Supreme Court indicated that *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873) should not be read as standing for the prop-

---

15. The question has not arisen and we express no opinion on whether the result would be the same if the modification occurred on a count

which clearly involved a separate criminal act unrelated to the illegal count.

osition that the trial court may not increase a defendant's sentence if he has begun to serve it.[16] The Supreme Court ultimately concluded that the statute granting the government the right to appeal did not violate the guarantee of the double jeopardy clause against multiple trials or multiple punishment.

If the basic purpose of the double jeopardy clause is to protect a defendant against repeated attempts to convict him, as stated in *DiFrancesco*, the instant case does not fall within those perimeters. The defendants have never challenged the validity of their convictions. It seems clear that *Chandler* cannot stand when examined in the light of *DiFrancesco*. First of all, *Chandler* was based on what the Supreme Court determined was an erroneous interpretation of *Ex parte Lange*—that a sentence could not be increased without violating the double jeopardy clause. Stripped of that principle, *Chandler* loses all of the underpinnings for its result. Additionally, *Chandler* never considered whether the sentences should be considered in the aggregate and be corrected as an illegal sentence. This circuit has recognized that "resentencing to correct an illegal sentence does not implicate double jeopardy rights." *United States v. Denson*, 603 F.2d 1143, 1149 (5th Cir. 1979) (en banc) (citations omitted).

Defendants contend that *Chandler* has been reaffirmed in *United States v. Ivy*, 644 F.2d 479 (5th Cir. 1981) and *United States v. Larson*, 625 F.2d 67 (5th Cir. 1980). However, as the government points out, the *Larson* case was decided before *DiFrancesco*. While *Larson* gave the district court its discretion as to which of the sentences to vacate, thus allowing it to choose the greater of the two, it based the prohibition on increasing the sentence on *Chandler*. Although *Ivy* was decided after *DiFrancesco*, it never mentioned or considered the *DiFrancesco* opinion. Thus, we cannot assume that the *Ivy* panel would reach the same result if it had in fact analyzed *DiFrancesco*.

We are not alone in our analysis of the broad reach of *DiFrancesco*. On remand from the Supreme Court, the Third Circuit in *United States v. Busic*, 639 F.2d 940 (3d Cir. 1981) determined that there was no double jeopardy bar to increasing the sentence on a § 111 count after vacating the § 924(c) count. This was in spite of a well-established line of cases in that circuit which would have prohibited such action on double jeopardy grounds. The Third Circuit ended up overruling those cases,[17] and intimated that every other circuit would probably have to reexamine their position with respect to whether the double jeopardy clause prevents the increase of an unchallenged sentence.[18]

■ In sum, our examination of *DiFrancesco* leads us to conclude that it stands for the proposition that the double jeopardy clause does not provide an absolute bar to increasing a defendant's sentence. Any prior holdings to the contrary are overruled. We further conclude in this case that the double jeopardy clause was not violated where the increase occurred in the correction of an illegal sentence.

## IV. DUE PROCESS

■ Defendants have contended that the resentencing failed to meet due process standards because their sentences were enhanced after a successful appeal without any reason being articulated by the sentencing judge. *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The short answer to this argument is that the sentence, viewed in the aggregate, has not been enhanced. It has been reduced from 12 years to 10 years total.

## V. CONCLUSION

The lower court had the authority under Rule 35 to vacate the illegal sentence on

---

**16.** *DiFrancesco, supra* 449 U.S. at 138, 101 S.Ct. at 438.

**17.** *Busic, supra* at 953 n.14.

**18.** *Id.* at 943 n.3.

Counts II and III and impose a new consecutive sentence on Count II. The sentences on these two counts were interdependent, and if one was illegal, both sentences were illegal. In correcting the sentence on Count II from a concurrent term of years to a consecutive term of years, the double jeopardy clause was not violated. The correction of an illegal sentence does not involve double jeopardy rights. Furthermore, there is nothing inherent in the double jeopardy clause which prevents the increase of a sentence in the district court, even if the sentence is legal. The judgment of the lower court is AFFIRMED.