**UNITED STATES of America, Plaintiff,**

v.

**Joseph Darryl EDWARDS, Defendants.**

Cr. No. 3–90–74.

United States District Court,
D. Minnesota,
Third Division.

Sept. 21, 1990.

Jerome Arnold, U.S. Atty., Richard Morgan, Asst. U.S. Atty., Minneapolis, Minn., for plaintiff.

Daniel M. Scott, Federal Public Defender, Minneapolis, Minn., for defendant.

RENNER, District Judge.

This ruling addresses the novel question of whether a conviction in a federal court of a crime punishable by more than one year imprisonment, for which all rights have been restored under state law, can serve as a predicate offense for a violation of 18 U.S.C. § 922(g)(1), which forbids possession of firearms by those who have been convicted of a crime punishable by more than one year imprisonment.

Joseph Edwards pled guilty in 1986 in this Court to possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d), 5871. He served a prison sentence until November 4, 1988, and was released from parole supervision on January 22, 1989. A United States Grand Jury indicted him on July 11, 1990, bringing the current charge that Edwards possessed a firearm in violation of 18 U.S.C. § 922(g)(1). He was tried for the offense and, at the close of the evidence, he brought this motion for acquittal, upon which the Court reserved judgment. The jury returned a guilty verdict.

18 U.S.C. § 921(a)(20) states:

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms.

Defendant argues that Minnesota law determines whether a Minnesota resident convicted in the United States District Court for the District of Minnesota is still burdened by a statutory "conviction". Minnesota statute § 609.165 provides for restoration of civil rights upon discharge from a conviction. Defendant contends that since Minnesota law restored all of his civil rights without restricting his right to

possess firearms, the 1986 conviction cannot be a predicate offense for the charged crime.

The parties dispute the meaning and definition of "conviction". Defendant contends that the phrase "law of the jurisdiction" refers to the law of the state in which there was a conviction, regardless of whether the acting tribunal was a state or federal court. The government counters that the statute calls for application of the law of the forum: federal law governs the effect of federal convictions and state law governs those of the state.

Neither party bolsters its argument with relevant and substantial authority or legislative history. However, the government offers the more plausible reading of the statutory language.

The term "jurisdiction" refers to the authority of a court. *Black's Law Dictionary*, 5th Ed. The concept includes the geographic area in which the court has power to hear cases. *Id.* Although the term is ambiguous, it does not generally refer to the geographic area of an overlapping but separate court system. The geographical jurisdiction of the United States Court for the District of Minnesota is the District of Minnesota, not the State of Minnesota, which, coincidentally, has the same geographic limits to its authority. Thus, federal law should determine whether Edward's 1986 conviction constitutes a conviction of a crime punishable by more than one year imprisonment.

The second sentence of § 921(a)(20) states that "Any conviction ... for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter...." Defendant argues that, regardless of which government convicted him, since his civil rights have been fully restored, his 1986 conviction cannot serve as a predicate offense to a § 922(g) charge. The government responds that defendant has not "had his civil rights restored at the federal level." *Government's Supplemental Memorandum in Opposition to Defendant's Motion for Judgment of Acquittal,* p. 6.

■ It is the state, not the federal government, that defines and restores a person's civil rights, even in relationship to the federal government. The United States Constitution does not bar convicts from holding federal office. The right to vote, even in federal elections, is set by the states. The electors of both senators and representatives are determined by state law. U.S. Const. Art. I, § 2, cl. 1; U.S. Const. Amend. 17. The right of a former convict to serve on federal juries depends upon whether state law has restored civil rights. 28 U.S.C. § 1865(b)(5); *United States v. Hefner,* 842 F.2d 731 (4th Cir. 1988).

■ In interpreting § 921(a)(20), the phrase "any conviction" must be read literally. Any such conviction cannot be a predicate offense for a violation of § 922(g) if it falls into one of four categories: convictions which have been expunged or set aside, or for which a person has been pardoned or had his civil rights restored.

While the law of the jurisdiction where the proceeding is held determines what is a conviction and whether it has been set aside, expunged, or subject to a pardon, the law of the state where a person is a citizen governs that person's civil rights.

For example, assume a person convicted of a crime in the state or federal courts in Texas may not have her civil rights restored to her in Texas. Yet, if she becomes a citizen of Minnesota after her discharge, neither Texas nor federal law prevent Minnesota from restoring her civil rights.

Defendant correctly points out that it is by no means anomalous in our complicated federal system for persons who have acted similarly to be treated differently in federal criminal cases because of the application of differing state laws. The Major Crimes Act, 18 U.S.C. § 1153, and the Assimilative Crimes Act, 18 U.S.C. § 13, both apply state laws, with all of their variation, to criminal cases involving Indian defendants.

Minnesota restores civil rights to all persons who have been discharged, without distingushing between those convicted in Minnesota courts and those convicted in any other court.

When a person has been deprived of civil rights by reason of conviction of a crime and is thereafter discharged, such discharge shall restore the person to all civil rights and to full citizenship, with full right to vote and hold office, the same as if such conviction had not taken place, and the order of discharge shall so provide.

Minn.Stat. § 609.165.

The government's argues that the last clause, stating that the order of discharge shall provide for restoration of civil rights, defeats defendant's assertion that his civil rights are restored. It contends that Minnesota only restores civil rights explicitly through the discharge order, that defendant's discharge order does not restore civil rights, and that Minnesota cannot require the federal government to restore civil rights in its discharge orders.

However, the Minnesota Attorney General has interpreted this clause to restore civil rights to federal convicts. "Both the legislative history and the requirements of the United States constitution compel the conclusion that the statute applies to all felons residing in Minnesota, whether convicted under state or federal law." Op. Atty.Gen., 68–h, Dec. 1971.

Since Minnesota obviously cannot order the federal government, or any other jurisdiction, to provide for restoration of civil rights in its discharge orders, the statute must be interpreted to restore the civil rights of all discharged convicts residing in Minnesota, irrespective of the lack of explicit language in the discharge order. The clause requiring discharge orders to provide for restoration of civil rights can only be meant to apply to those discharge orders issued by Minnesota authorities.

■ To summarize, 18 U.S.C. § 922(g) forbids the possession of firearms by persons who have been convicted of a crime punishable by more than one year imprisonment whose civil rights have not been restored. The law of the jurisdiction where the proceeding occurs determines what is such a conviction. Thus, federal law determines what is a conviction from a federal court. However, state law determines the civil rights of the citizens of a state. Since, here, Minnesota law has restored the civil rights of defendant without limiting his right to possess firearms, his 1986 conviction cannot serve as a predicate offense to a § 922(g) charge.

The above-entitled matter came on for hearing before this Court on September 5, 1990, on defendant's motion for aquittal. Appearing on behalf of the government was Richard Morgan, Assistant United States Attorney. The defendant was represented by Daniel M. Scott, Federal Public Defender. At the request of the Court, counsel submitted supplementary memoranda subsequent to the hearing.

Based upon the arguments of counsel, all files, and records herein, the motion for acquittal is hereby GRANTED. Defendant is ordered released from custody. LET JUDGMENT BE ENTERED ACCORDINGLY.