United States Court of Appeals,

Fifth Circuit.

No. 91–1374

Summary Calendar.

UNITED STATES of America, Plaintiff–Appellee,

v.

Joe Willie PARKER, Defendant–Appellant.

May 13, 1992.

Appeal from the United States District Court for the Southern District of Mississippi.

Before GARWOOD, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

GARWOOD, Circuit Judge:

Appellant Joe Willie Parker (Parker) appeals the district court's denial of his motion to vacate sentence under 28 U.S.C. § 2255. We affirm.

In April 1987, Parker was indicted on four counts, and in August 1987 he was convicted, on his guilty plea, of counts one and three of the indictment. Pursuant to the plea bargain, the two remaining counts were dismissed. He was sentenced to consecutive terms of five years on count one and ten years on count three. Parker's section 2255 motion attacks his sentence on the ground that his counsel was ineffective for having failed to urge at or before sentencing that the double jeopardy clause barred sentencing for both counts one and three.

The offenses charged in counts one and three were each alleged to have been committed by Parker "on or about March 22, 1987, in Lauderdale County" Mississippi. Count one charged that Parker, then convicted of a crime punishable by imprisonment for more than a year, "did receive a firearm, to-wit: a Smith and Wesson ... revolver ... which had been shipped or transported in interstate or foreign commerce, all in violation of Section 922(g) ... Title 18, United States Code." Count three alleged that Parker "knowingly possessed a Stevens Model 95A .410 shotgun ... with a

barrel less than 18 inches in length and an overall length of less than 26 inches ... not registered to" Parker "in the National Firearms and Transfer Record, in violation of Sections 5861(d) and 5871, Title 26, United States Code."

Accepting, *arguendo,* Parker's implicit premise that the receipt of the revolver charged in count one and the possession of the unregistered sawed-off shotgun charged in count three each refer to Parker's possession of both weapons at the same time and place, we nevertheless conclude that the relevant statutes authorize, and the double jeopardy clause does not prohibit, his conviction and punishment for both offenses in the same prosecution.

*Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), states that "[w]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Here, the two counts are clearly under "distinct statutory provisions." Count three deals only with provisions of Title 26; count one only with Title 18. Hence, *Blockburger's* predicate for its test is met. *Cf. United States v. Evans,* 854 F.2d 56, 58–59 (5th Cir.1988) (*Blockburger* not applied where act or transaction does not violate two distinct statutory provisions). Applying the *Blockburger* test, it is plain that there are two offenses. Not only does each count involve an entirely different weapon, but count one requires proof that Parker was a convicted felon and count three does not, while count three requires proof that the shotgun was smaller than a certain size (26 U.S.C. § 5845(a)(1) & (2)) and was not registered to Parker and count one does not require proof of either size or nonregistration.

Parker relies on *United States v. Hodges,* 628 F.2d 350 (5th Cir.1980) and *Rollins v. United States,* 543 F.2d 574 (5th Cir.1976). These cases are inapposite. *Rollins* involved a single possession of the same weapon in violation of two subdivisions of section 5861; we held that a combined sentence on those two counts could not exceed the maximum authorized by 26 U.S.C. § 5871, the

penalty statute applicable to section 5861. In *Hodges,* there were two weapons possessed at the same time and place, but the statutes violated, 18 U.S.C. §§ 922(h) and 1202(a), were essentially redundant as to the conduct proscribed. *See United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 2201, 60 L.Ed.2d 755 (1979) (noting "the partial redundancy of §§ 922(h) and 1202(a)" and that "§§ 922(a) and 1202(a) both prohibit convicted felons ... from receiving firearms").

Here, in contrast to *Rollins* and *Hodges,* we deal with statutes contained in wholly different titles of the United States Code. Moreover, the focus and subject matters of each statute are clearly distinct from those of the other. The focus of section 922(g) is on the defendant's status at the relevant time as a convicted felon (or as having some other disqualifying personal characteristic, such as being a fugitive or adjudicated mental defective, not related to anything about the particular weapon); this is irrelevant under section 5861. Registration is the focus under section 5861(d), but is immaterial under section 922(g). Moreover, the statutes generally cover different types of firearms. Those covered by section 922(g) "are generally innocent, lawful items," *Evans* at 60, while section 5861 *excludes* most ordinary firearms. *See United States v. Anderson,* 885 F.2d 1248, 1250–51 (5th Cir.1989) (en banc). Possession of the revolver involved in count one would not have violated section 5861(d). Congress has in general prohibited two separate and distinct categories of conduct in §§ 922(g) and 5861(d): the possession of any firearm by a felon; and the possession by anyone of any of a small class of especially dangerous weapons, if the particular weapon is not registered to the possessor. Further, section 922(g) is plainly not a taxing statute, and explicitly relies on and requires a relationship to interstate or foreign commerce. By contrast, "Section 5861(d) making possession of an unregistered weapon unlawful is part of the web of regulation aiding enforcement of the transfer tax provision in [26 U.S.C.] section 5811" and "the constitutional bedrock for the statute" is "the power to tax" rather than "the commerce power." *United States v. Ross,* 458 F.2d 1144, 1143 & n. 3 (5th Cir.1972). *See also Sonzinsky v. United States,* 30 U.S. 506, 57 S.Ct. 554, 81 L.Ed. 772 (1937); *United States v. Rock Island Armory, Inc.,* 773 F.Supp. 117 (C.D.Ill.1991). Thus, the different statutes involved here are distinct from each other in a far more significant manner

and to a far greater extent than was the case with respect to the different statutory provisions involved in *Rollins* and *Hodges.* Accordingly, it is appropriate to apply the *Blockburger* presumption of congressional intent as to the separateness of the offenses charged in counts one and three. *See Evans* at 58 & n. 3.

Parker makes a confusing argument to the effect that count three, charging a violation of section 5861(d), must be regarded as a lesser included offense of section 922(g) because possession by Parker of the sawed-off shotgun covered by count three would also violate section 922(g). Parker would then, we infer, have us treat both counts one and three as charging violations of section 922(g), with the result that, under the *Hodges* rationale, he could not be punished for both offenses even though they involved different weapons. The difficulty with this argument is that one offense is not lesser included of another unless each statutory element of the lesser offense is also a statutory element of the greater offense. *See United States v. Schmuck,* 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989); *United States v. Browner,* 937 F.2d 165, 168 (5th Cir.1991). Here the putative lesser offense, that under section 5861(d), has at least two statutory elements, namely nonregistration and the "sawed-off" nature of the shotgun, neither of which is a statutory element under section 922(g). Thus the lesser included offense argument necessarily fails.[1]

In the present setting, the result is not changed by *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). There, in the context of successive state prosecutions, the Supreme Court looked to the actual "conduct" that would be proved to obtain a conviction, rather than merely

---

[1] Parker argues that we should disregard nonregistration because felons are not eligible for registration (presumably under 26 U.S.C. § 5841). He cites no authority for this proposition, only a case holding that, pursuant to 18 U.S.C. § 921(a)(20), one whose civil rights have been restored under state law is not a felon for purposes of section 922(g)(1). *See United States v. Edwards,* 745 F.Supp. 1477 (D.Minn.1990). *Edwards* has nothing to do with section 5841 or section 5861(d), except for the coincidence that the prior offense there was a violation of section 5861(d). Even if Parker were correct in his assumption respecting eligibility for registration under section 5841, his conclusion would not follow. There could well be an opportunity to register the firearm (as defined in section 5845) before the felony conviction. Further, Parker's argument amounts to an invitation, which we cannot accept, to judicially create an exemption from section 5861(d) for felons, something Congress obviously neither authorized nor intended.

the statutory offense elements, to determine whether the second prosecution was constitutionally barred by the double jeopardy clause. *Id.* 110 S.Ct. at 2093–94. *Grady* is of no avail to Parker. To begin with, on a strictly "conduct" basis it is clear that counts one and three are different offenses, most obviously because each count involves a different weapon. *Hodges* does not suggest otherwise; it merely concluded "that Congress intended, whether wisely or not, to punish the undifferentiated possession or receipt of multiple firearms in violation of either section 1202(a) or section 922(h) no more severely than the possession or receipt of a single firearm ... unless they were received at different times or stored in separate places." *Id.* 628 F.2d at 352.[2] But no one has ever suggested that Congress lacks the constitutional power to impose a greater sentence for two firearms received in a single transaction contrary to section 922(g)(1) than for one so received.[3] Relatedly, *Grady* does not apply to multiple punishments imposed in a single prosecution. This is implicit in the language of the opinion, which goes to some pains to distinguish between multiple and single prosecutions, to emphasize the greater, independent concerns posed by the former, and to raise no question as to the viability of *Blockburger* in the single prosecution context.[4] So far as we are aware every circuit court

---

[2]For the reasons previously stated, the conclusion concerning congressional intent is otherwise when the question is whether a section 5861(d) violation is a separate offense from a section 922(g)(1) violation.

[3]Other "conduct" differences between counts one and three are that count one requires proof of Parker's status as a felon, while count three does not; and count three requires proof that the weapon was subject to required registration (*i.e.,* was "sawed-off") but not registered, while count one does not. Even if we hypothesize that the same weapon was involved in each count—not the case here—these differences might be sufficient to constitute separate offenses for *Grady* purposes, but we need not, and do not, decide that question.

[4]*See, e.g.,* the following from *Grady, viz:*

> "The *Blockburger* test was developed "in the context of multiple punishments imposed in a single prosecution.' *Garrett v. United States,* 471 U.S. 773, 778, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985). In that context, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.' *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983).... The *Blockburger* test is simply a "rule of statutory construction,' a guide to determining whether the legislature intended multiple punishments. *Hunter, supra,* at 366, 103 S.Ct., at 678.
>
> "Successive prosecutions, however, whether following acquittals or convictions, raise concerns that extend beyond merely the possibility of an enhanced sentence.... Multiple prosecutions also give the State an opportunity to

that has spoken to the problem has expressed the view that *Grady* is limited to successive prosecutions. *See United States v. Ortiz–Alarcon,* 917 F.2d 651, 653–54 (1st Cir.1990); *United States v. Maldonado–Rivera,* 922 F.2d 934, 981 (2d Cir.1990); *United States v. Luskin,* 926 F.2d 372, 377 (4th Cir.1991); *United States v. Sammons,* 918 F.2d 592, 604–5 n. 21 (6th Cir.1990); *United States v. Barrett,* 933 F.2d 355, 359–60 (6th Cir.1990); *United States v. McKinney,* 919 F.2d 405, 417 n. 13 (7th Cir.1990). *See also Heaton v. Nix,* 924 F.2d 130, 133–34 (8th Cir.1991); *United States v. Edmond,* 924 F.2d 261, 269 (D.C.Cir.1991). We have not previously spoken to this issue, other than to note and reserve it. *See Taylor v. Whitley,* 933 F.2d 325, 328–29 n. 6 (5th Cir.1991); *Browner,* 937 F.2d at 171 n. 10. We now join the other circuits and hold that *Grady* leaves undisturbed the prior law of double jeopardy as applied in the context of multiple punishments imposed in a single prosecution. Accordingly, *Grady* is inapplicable here.

Parker's sentence to consecutive terms on counts one and three was lawful and not contrary to the double jeopardy clause, as the district court correctly held. Parker's complaint on appeal respecting ineffective assistance of counsel is only "that counsel failed to object to the imposition of two separate sentences on double jeopardy grounds." Because Parker's sentence was lawful and not subject to any double jeopardy objection, counsel was not ineffective for failing to so object, and Parker could not have been prejudiced by that failure. Consequently, Parker presents no basis for reversal of the district court's determination that he was not entitled to relief on his ineffective assistance of counsel claim. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

---

rehearse its presentation of proof, thus increasing the risk of an erroneous conviction for one or more of the offenses charged.... Even when a State can bring multiple charges against an individual under *Blockburger,* a tremendous additional burden is placed on that defendant if he must face each of the charges in a separate proceeding.

"Because of these independent concerns, we have not relied exclusively on the *Blockburger* test to vindicate the Double Jeopardy Clause's protection against multiple prosecutions." *Id.* 110 S.Ct. at 2090–92 (footnotes omitted).

Accordingly, the district court's judgment denying Parker section 2255 relief is

AFFIRMED.