———————

No. 96-1580

———————

United States of America,                    *
                                             *
            Appellee,                        *
                                             *  Appeal from the United States
     v.                                      *  District Court for the
                                             *  Eastern District of Arkansas.
James Edward Hicks,                          *
                                             *       **[UNPUBLISHED]**
            Appellant.                       *

———————

            Submitted:  February 5, 1997

              Filed:  February 7, 1997

———————

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

———————

PER CURIAM.


     James Hicks appeals his conviction and 112-month sentence imposed by the district court[1] following his conditional guilty plea to possessing an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871.  We affirm.


     Hicks argues that the district court erred in denying his motion to suppress the shotgun found in his car at the time of his arrest.  We conclude the district court did not clearly err, as the evidence in the record shows the officers had probable cause to arrest Hicks; thus, the contemporaneous search of the car was valid as a search incident to arrest and as an inventory search.  See United States v. Clapp, 46 F.3d 795, 799 (8th Cir. 1995) (standard of review); United States v. Cummins, 920 F.2d 498, 502 (8th Cir.

———————————————

     [1]The HONORABLE WILLIAM R. WILSON, JR., United States District Judge for the Eastern District of Arkansas.

1990), <u>cert. denied</u>, 502 U.S. 962 (1991).

Hicks also argues that the district court erred in denying his request for a downward departure under U.S. Sentencing Guidelines Manual § 4A1.3 (1995) (over-represented criminal history).  Hicks has not shown nor does the record indicate that the district court was unaware of its authority to depart from the Guidelines range.  Consequently, we cannot review the district court's discretionary refusal to depart.  <u>See</u> <u>United States v. Elkins</u>, 16 F.3d 952, 954 (8th Cir. 1994).

Finally, we reject Hicks's challenge to the constitutionality of section 5861(d).  <u>See</u> <u>United States v. Aiken</u>, 974 F.2d 446, 448-49 (4th Cir. 1992); <u>United States v. Parker</u>, 960 F.2d 498, 500 (5th Cir. 1992); <u>see also</u> <u>United States v. Hale</u>, 978 F.2d 1016, 1018 (8th Cir. 1992), <u>cert. denied</u>, 507 U.S. 997 (1993).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-