UNITED STATES of America, Appellee,

v.

Craig Leslie GARDNER, Appellant.

No. 77–1427.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 26, 1977.

Decided Oct. 31, 1977.

Craig D. Warner, Burlington, Iowa, filed brief for appellant, Craig L. Gardner.

Evan L. Hultman, U. S. Atty., and Alan H. Kirshen, Asst. U. S. Atty., Sioux City, Iowa, filed brief for appellee U. S.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

A federal jury in the Northern District of Iowa returned guilty verdicts against Craig Leslie Gardner on three counts: 1) knowingly making a false statement to a licensed firearms dealer in connection with the acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a); 2) receiving a firearm which had been transported in interstate commerce, he having previously been convicted of a crime punishable by a term exceeding one year, in violation of 18 U.S.C. §§ 922(h) and 924(a); and 3) possessing and transporting in commerce a firearm, he having been convicted of a felony, in violation of 18 U.S.C. App. § 1202(a).

Gardner appeals those convictions making two allegations of error. He claims that the trial court erred in denying his motion to dismiss and for a verdict of acquittal based on the government's failure to provide him with an "omnibus hearing" as required by the Local Rules of the United States District Court for the Northern and Southern Districts of Iowa, Rule 31; its failure to inform him of his rights under the 1976 Plan of the Trial Court pursuant to the Speedy Trial Act of 1974; and its nondisclosure of evidence at the arraignment. His second alleged error relates to the trial court's denial of his motion for a judgment of acquittal on count 3 on the basis of a lack of competent evidence that, at the time of the possession, the firearm had some connection with or affected interstate commerce. We reject these contentions and affirm.

*Local Rule 31*

At his original arraignment on March 22, 1977, Gardner indicated that he would plead guilty as to the second count and agreed to the preparation of a presentence report. When he appeared for sentencing on April 25, 1977, he changed his mind, pleaded not guilty to all three counts, and was arraigned. No further discovery requests were made. After a jury was impaneled on May 16, 1977, the defendant moved to dismiss and for a judgment of acquittal, stating that he had been denied a fair trial because he had not been provided an omnibus hearing as required by Local Rule 31. That motion was denied.

Local Rule 31 provides that, in every criminal case except as otherwise ordered, an omnibus hearing shall be held before a magistrate within 20 days after the defendant becomes reasonably available within the district. At the hearing the government must disclose as much of its basic case as in its opinion may be fairly disclosed without prejudice to the United States, and the magistrate must then rule on requests for additional disclosure. The rule's avowed purposes are to encourage voluntary disclosure by the prosecution, to provide the de-

fense with information necessary for pleading decisions, to eliminate written motion practice,[1] and to expedite final disposition of the case.

It is undisputed that no omnibus hearing was provided to defendant Gardner. He claims that without the benefit of such a hearing he was precluded from making any request for discovery, including pretrial motions or requests under Fed.R.Crim.P. 12(c) and 16, because he could not make motions or requests to the court until after that hearing.

The government claims that the amendment of Rule 16 of the Federal Rules of Criminal Procedure on December 1, 1975, providing discovery by request and without the need for formal motions, combined with the previous unavailing and superfluous use of the omnibus hearing,[2] resulted in the discontinuance of complying with Rule 31. However, the Local Rules were never amended to delete the omnibus hearing procedure.

■ Local Rule 31 is inconsistent with Fed.R.Crim.P. 16 in several respects and is invalid to the extent of those inconsistencies. *See* Fed.R.Crim.P. 57(a). *Cf. Greyhound Lines, Inc. v. Miller,* 402 F.2d 134, 144 (8th Cir. 1968). *See also* 28 U.S.C. § 2071. Although Local Rule 31 mandates an omnibus hearing and Local Rule 29 discourages written motions until completion of the hearing, neither rule explicitly states that no discovery requests or motions will be entertained in the absence of an omnibus hearing. Furthermore, Local Rule 27 states that criminal trials shall be governed by the court's plans for prompt disposition under Rule 50(b) of the Federal Rules of Criminal Procedure, and the court's speedy trial plan does not mention an omnibus hearing. In

any event Gardner has shown no prejudice from the government's noncompliance with Rule 31. He does not allege any item of discoverable information that he was denied,[3] nor did he move for a continuance in order to request additional discovery. We therefore conclude that, although the Local Rules should have been amended to reflect the discontinuance of an omnibus hearing procedure, and then published, these failures have not denied the defendant a fair trial.

### Sufficiency of Evidence

Gardner contests the sufficiency of the evidence on count 3, possession and transportation of a firearm in interstate commerce by a felon. He claims that his possession or transportation of the firearm in question was not "in" or "affecting" interstate commerce. We disagree.

■ The government showed that the firearm was manufactured in California and shipped by a distributor to a department store in Cedar Rapids, Iowa, where Gardner purchased it on June 5, 1976. The parties stipulated that Gardner possessed that firearm in New Mexico. This minimal nexus between possession and interstate commerce is sufficient for a conviction under 18 U.S.C. App. § 1202(a). *Scarborough v. United States,* 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977).

The judgment of conviction is affirmed.

---

1. The Local Rules of the United States District Court for the Northern and Southern Districts of Iowa, Rule 29 states that "written motions in criminal cases are discouraged until completion of omnibus hearing procedures set forth in Rule 31."

2. The government contends that Rule 31 was never fully followed; that the hearing often took the guise of arbitration; that in some instances the hearing proved unavailing since

nothing was resolved; and that in other cases the hearing was superfluous since all pretrial matters were resolved without resort to an actual hearing.

3. Apparently the only information sought by the defendant was a witness list and disclosure of that list is not required. *See, e. g., United States v. Brown,* 535 F.2d 424, 428–29 n. 3 (8th Cir. 1976).