UNITED STATES of America, Appellee,

v.

Gary Patrick LEKIN, Appellant.

No. 77–1511.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 26, 1977.

Decided Oct. 31, 1977.

Robert E. Sosalla, Cedar Rapids, Iowa, filed brief for appellant, Gary P. Lekin.

Evan L. Hultman, U. S. Atty., and Alan H. Kirshen, Asst. U. S. Atty., Sioux City, Iowa, filed brief for appellee U. S.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Gary Patrick Lekin was found guilty, after trial to a jury, of receiving a firearm which had been shipped and transported in interstate commerce, he being under information for a crime punishable by a term exceeding one year, in violation of 18 U.S.C. §§ 922(h) and 924(a). He appeals that conviction alleging that the trial court erred in denying his motion to dismiss and for a verdict of acquittal based on the government's failure to comply with the Local Rules of the United States District Court for the Northern and Southern Districts of Iowa, Rule 31, thereby denying him effectual pretrial discovery and effective assistance of counsel; and in denying his motion for acquittal based on the insufficiency of the evidence to prove that the weapon charged had traveled in interstate commerce. We affirm.

*Local Rule 31*

Defendant Lekin raises basically the same contention regarding noncompliance with Local Rule 31 as did the defendant in *United States v. Gardner*, 564 F.2d 799 (8th Cir., filed Oct. 31, 1977), decided today. As in *Gardner*, Lekin did not demonstrate any prejudice in the government's failure to provide an omnibus hearing and did not

request a continuance to pursue any additional pretrial discovery. For the reasons set forth in *United States v. Gardner, supra*, we find no error in the district court's denial of Lekin's motions with regard to Local Rule 31.

*Sufficiency of the Evidence*

 Lekin contends that the evidence was insufficient to show that the firearm he was charged with receiving traveled in interstate commerce. The firearm charged in the indictment was a Walther Model PPK/S pistol, Serial No. 206347. It was allegedly shipped from Sloan's Sporting Goods Co., Inc., in Ridgefield, Connecticut, to Sports Outfitters in Cedar Rapids, Iowa, where it was purchased by the defendant on January 12, 1977. Sloan's Sporting Goods' invoice indicates it shipped such a pistol with serial number 00206347 to Sports Outfitters. The defendant claims that because of the "unexplained discrepancy" in the serial number, there was insufficient evidence to establish that the firearm involved in the indictment did in fact travel in interstate commerce. Even if there were any merit to this argument, defendant's contention overlooks the testimony of the individual who sold the firearm to him. The witness testified that the firearm he sold the defendant was shipped from Ridgefield, Connecticut to Sports Outfitters, in Cedar Rapids, Iowa. The defendant's argument is frivolous.

The judgment of the district court is affirmed.