UNITED STATES of America, Appellee,

v.

Craig Leslie GARDNER, Appellant.

No. 77–1979.

United States Court of Appeals, Eighth Circuit.

Submitted July 1, 1978.

Decided July 10, 1978.

Rehearing Denied Aug. 7, 1978.

Jeffrey Kaldem, Cedar Rapids, Iowa, for appellant.

James H. Reynolds, U. S. Atty., and Asher E. Schroeder, Asst. U. S. Atty., Cedar Rapids, Iowa, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Craig Leslie Gardner was charged in a three-count indictment with making false and fictitious statements to a firearms dealer in violation of 18 U.S.C. §§ 922(a)(6) and 924(a); receiving as a felon a firearm shipped in interstate commerce in violation of 18 U.S.C. §§ 922(h)(1) and 924(a); and possessing and transporting in commerce a firearm after being convicted of a felony in violation of 18 U.S.C. App. § 1202(a)(1). A jury convicted Gardner on all three counts. He was sentenced to consecutive five-year terms on the first two counts and to a concurrent two-year term on the third count. Gardner appealed his conviction to this Court and we affirmed. *United States v. Gardner,* 564 F.2d 799 (8th Cir. 1977). Thereafter, Gardner filed a Motion for Reduction of Sentence that was supported by several letters addressed to the trial court. Fed.R.Crim.P. 35. The trial court denied the motion. We affirm.

Gardner first argues that his sentence was imposed in an illegal manner because: (1) the trial court did not explicitly find on

the record that he would not benefit from treatment under the Federal Youth Corrections Act, 18 U.S.C. § 5005 et seq.; (2) the trial court did not make an explicit finding that he was an inappropriate candidate for probation under 18 U.S.C. § 5010(a); and (3) the trial court did not exercise its discretion when imposing the sentence as the prosecutor dictated the sentencing actions of the trial court.

■ An examination of the record reveals that the trial court did make a finding that the Federal Youth Corrections Act would not aid Gardner.[1]  See 18 U.S.C. § 5010(d); Dorszynski v. United States, 418 U.S. 424, 444, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). The Act does not require the trial court to make an explicit finding that probation is inappropriate for an individual. See 18 U.S.C. § 5010(d).

■ We have carefully considered the letters filed with the Rule 35 motion. They contain no inference of improper prosecutorial influence. Gardner sought to mitigate his sentence primarily on the ground that the sentence was too severe given the nature of the crime committed and his desire to reform. Since Gardner failed to raise this issue before the trial court, it is not properly before this Court. See United States v. Riffe, 550 F.2d 1013 (5th Cir.), cert. denied, 434 U.S. 831, 98 S.Ct. 113, 54 L.Ed.2d 90 (1977). Thus, we decline to rule on it.[2]

Gardner next argues that his sentence was an illegal one because the consecutive sentences which he received amounted to a multiple punishment for the single transaction of purchasing a firearm as a previously convicted felon. He contends that he could be punished under either the first count or the second, but not both. He cites to cases

interpreting the federal bank robbery statute in support of this contention. See e. g., United States v. Gaddis, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976). In Gaddis, the Supreme Court held that a person convicted of robbing a bank in violation of 18 U.S.C. §§ 2113(a), (b) and (d) cannot also be convicted of receiving or possessing the proceeds of that robbery in violation of 18 U.S.C. § 2113(c). It did so because it found that Congress did not intend to pyramid the offenses for the purpose of increasing punishment. It stated that in subsection (c), Congress was trying to reach a new group of wrongdoers, not to multiply the offense of the bank robbers themselves.[3]  It reasoned that the federal bank robbery statute was a single comprehensive act designed to limit the prosecution to a single count at the appropriate level of criminal activities.

Gardner's reliance on the federal bank robbery statute is misplaced. Neither the language nor the legislative history of 18 U.S.C. § 922 indicates an intent to create a comprehensive scheme similar to that embodied in the federal bank robbery statute. 18 U.S.C. § 922 "does not subdivide firearms offenses into a cohesive series of steps displaying a continuum of increasingly serious criminal conduct with increasing penalties for each more aggravated offense." United States v. Phillips, 522 F.2d 388, 392 (8th Cir. 1975). It is rather a collection of distinct acts each of which is declared to be unlawful.

■ Under these circumstances, separate offenses may arise out of the same act provided each offense requires proof of at least one different element. Perkins v. United States, 526 F.2d 688, 690 (5th Cir. 1976). The offenses in issue meet this test. An individual violates 18 U.S.C. § 922(a)(6)

1. The trial court stated:

Based on the presentence report and the statements of counsel, as well as the evidence that the Court heard during the trial of this case, particularly because of the defendant's previous record, the Court finds that the defendant is not a proper subject for treatment under the Youth Corrections Act.

2. Although the time limitations in Rule 35 preclude Gardner from bringing a new motion for reduction of sentence, subsequent relief may be sought under 28 U.S.C. § 2255.

3. In United States v. Lindsay, 552 F.2d 263 (8th Cir. 1977), we also determined that there was no evidence of congressional intent to create multiple offenses under 18 U.S.C. § 1708 so as to enhance punishment.

if he makes a false statement to a firearms dealer in connection with the acquisition or attempted acquisition of a firearm. The offense is committed whether or not a firearm is successfully acquired. 18 U.S.C. § 922(h)(1) is violated if an individual receives a firearm that was shipped in interstate commerce. There is no necessity to show that the firearm was acquired by making false statements to a firearms dealer during a purchase. The element of receipt is unique to the § 922(h)(1) count just as a false statement is unique to the § 922(a)(6) count. Thus, Gardner could properly be convicted and sentenced on each count. *Cf. United States v. Calhoun*, 510 F.2d 861 (7th Cir.), *cert. denied*, 421 U.S. 950, 95 S.Ct. 1683, 44 L.Ed.2d 104 (1975).

Affirmed.