UNITED STATES of America, Appellee,

v.

Craig Leslie GARDNER, Appellant.

No. 79–1328.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 10, 1979.

Decided Sept. 25, 1979.

Philip B. Mears, Iowa City, Iowa, for appellant.

James H. Reynolds, U. S. Atty., and Asher E. Schroeder, Asst. U. S. Atty., Sioux City, Iowa, for appellee.

Before LAY, STEPHENSON and McMILLIAN, Circuit Judges.

STEPHENSON, Circuit Judge.

Gardner was convicted by a jury on all counts of a three-count indictment: (I) knowingly making a false statement to a licensed firearms dealer in connection with the acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a); (II) receiving as a felon a firearm which had been shipped in interstate commerce, in violation

of 18 U.S.C. §§ 922(h)(1) and 924(a); and (III) possessing and transporting in commerce a firearm, having been previously convicted of a felony, in violation of 18 U.S.C. App. § 1202(a)(1). The district court [1] imposed consecutive five-year sentences on Counts I and II and a concurrent two-year term on Count III.

The matter currently before us arises out of the action taken by the district court with respect to Gardner's 28 U.S.C. § 2255 motion to vacate his convictions and sentences on certain counts. The district court vacated Gardner's conviction and sentence on Count III, but denied further relief. In this appeal Gardner contends that the only sentence that can withstand constitutional scrutiny under the double jeopardy clause prohibiting double punishment [2] is the sentence imposed on Count I. We disagree.

This is the third appeal by Gardner arising out of his conviction and sentence for violation of provisions of the Omnibus Crime Control and Safe Streets Act of 1968 (Omnibus Act). In his initial direct appeal Gardner raised a discovery issue and the issue of sufficiency of the evidence to support his conviction on Count III. We affirmed his conviction in *United States v. Gardner*, 564 F.2d 799 (8th Cir. 1977).

Gardner's next appeal challenged the district court's denial of his motion for reduction of sentence and correction of an illegal sentence under Fed.R.Crim.P. 35, urging *inter alia* that his consecutive sentences on Counts I and II were illegal. We held the offenses were valid because each offense required proof of at least one different element. Count I (18 U.S.C. § 922(a)(1)) required the making of a false statement in connection with the acquisition or attempted acquisition of a firearm. The offense is committed whether or not a firearm is acquired. Count II (18 U.S.C. § 922(h)(1)) is violated if an individual received a firearm that is shipped in interstate commerce. There is no necessity of showing that the

firearm was acquired by making false statements to a firearms dealer during a purchase. Receipt is unique to Count II just as a false statement is unique to Count I. *See United States v. Gardner*, 579 F.2d 474, 476–77 (8th Cir. 1978).

■ Our holding in *United States v. Gardner, supra,* 579 F.2d 474, is dispositive of Gardner's contention in the instant case that the district court erred in denying his motion to vacate his conviction and sentence on Count II on the basis that conviction under Counts I and II constitutes double jeopardy. It is likewise dispositive of Gardner's contention that conviction and punishment under Count I (false statement) and Count III (possession) violate the prohibition against double jeopardy. Possession is unique to Count III just as a false statement is unique to Count I.

■ As previously indicated, the district court vacated Gardner's conviction and sentence on Count III. The court held that proof of "receipt" (Count II) necessarily included proof of "possession." The government did not appeal from this holding. However, Gardner contends that the district court should have vacated the conviction and sentence on Count II rather than Count III. Since under the facts of this case the counts are essentially identical, Count II is included in Count III and vice versa, the rule of lenity ought to require that the court void Count II and its five-year sentence instead of Count III and its two-year sentence. Furthermore, Gardner argues that the conviction and sentence under Count II should be set aside under the principles of construction set forth in *United States v. Batchelder*, 581 F.2d 626 (7th Cir. 1978). In *Batchelder* the Court of Appeals vacated a sentence of five years imprisonment upon a defendant who was indicted and convicted under 18 U.S.C. § 922(h) because the identical offense was proscribed by 18 U.S.C. App. § 1202(a),

---

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

2. *See Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

which carried a two-year penalty. However, *Batchelder* has been reversed since appellant's brief was filed. *United States v. Batchelder*, —— U.S. ——, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979).

In *Batchelder* the Supreme Court held that the doctrine that ambiguities in criminal statutes must be resolved in favor of lenity was inapplicable in that situation because there was no ambiguity to resolve. The Court noted that sections 922(h) and 924(a) unquestionably permit five years' imprisonment. Further, "[t]hat § 1202(a) provides different penalties [two years] for essentially the same conduct is no justification for taking liberties with unequivocal statutory language." *Id.* 99 S.Ct. at 2203.

Nor can § 1202(a) be interpreted as implicitly repealing § 924(a) whenever a defendant's conduct might violate both Titles. For it is "not enough to show that the two statutes produce differing results when applied to the same factual situation." *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 155 [, 96 S.Ct. 1989, 48 L.Ed.2d 540] * * * (1976). Rather, the legislative intent to repeal must be manifest in the " 'positive repugnancy between the provisions.' " *United States v. Borden Co.*, 308 U.S. 188, 199 [, 60 S.Ct. 182, 84 L.Ed. 181] * * * (1939). In this case however, the penalty provisions are fully capable of coexisting because they apply to convictions under different statutes.

[T]he maxim that statutes should be construed to avoid constitutional questions * * * "is appropriate only when an alternative interpretation is 'fairly possible' " from the language of the statute. *Swain v. Pressley*, 430 U.S. 372, 378 n. 11 [, 97 S.Ct. 1224, 51 L.Ed.2d 411] * * (1977).

*Id.* The Court found no constitutional infirmities in that the two statutes provide different penalties for identical conduct.

Here there is no problem of cumulative punishment on Count III because the district court vacated appellant's conviction and sentence on Count III. *See Jeffers v.*

*United States*, 432 U.S. 137, 154–58, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1976).

Affirmed.