865 F.2d 1260
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allen Lee BARTLETT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allen Lee BARTLETT, Defendant-Appellant.
 Nos. 88-7558, 88-7559.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 25, 1988.
Decided: Jan. 3, 1989.
Rehearing and Rehearing In Banc Denied Feb. 21, 1989.
 
 Allen Lee Bartlett, appellant pro se.
 John Allen Kessler, Ruth Lynette Ranson (Office of the United States Attorney), for appellee.
 Before CHAPMAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Allen Lee Bartlett appeals two orders of the district court. One denied relief on his motion under 28 U.S.C. Sec. 2255 in which he sought to withdraw his plea of guilty to conspiracy to commit murder in aid of a racketeering enterprise (18 U.S.C. Sec. 1952B). The other is an amended judgment order imposing sentence on a separate charge of perjury (18 U.S.C. Sec. 1623(c)) to which Bartlett also pled guilty. We affirm both orders.
 
 
 2
 In No. 88-7559, Bartlett alleges that his guilty plea to the Sec. 1952B charge was uninformed and involuntary because his attorney became angry with him in a meeting on the day before trial and convinced him that he would be sentenced to life in prison if he were convicted of the charges against him,* thereby causing Bartlett to seek a plea agreement and to fabricate testimony to establish a factual basis for a guilty plea under Sec. 1952B, which carries a maximum penalty of ten years. He alleges a conspiracy between his attorney and government lawyers to coerce him into pleading to the Sec. 1952B charge and to implicate others in the murder which had occurred.
 
 
 3
 To be valid, a guilty plea must be made by a defendant who is informed as to the charges against him, Boykin v. Alabama, 395 U.S. 238, 242 (1969); Henderson v. Morgan, 426 U.S. 637, 645 n. 13 (1976), who is mentally able to make the decision to plead guilty, Seiling v. Eyman, 478 F.2d 211 (9th Cir.1973), and who is aware of the consequences of the plea, Cuthrell v. Director, Patuxent Institution, 475 F.2d 1364 (4th Cir.), cert. denied, 414 U.S. 1005 (1973). The plea must be voluntary, North Carolina v. Alford, 400 U.S. 25, 31 (1970), not induced by threats, and it must be made with the competent assistance of counsel, McMann v. Richardson, 397 U.S. 759, 770-71 (1970). However, a guilty plea made to escape the risk of the death penalty is not invalid. Brady v. United States, 397 U.S. 742, 755 (1970). By implication, fear of a life sentence would not invalidate a guilty plea.
 
 
 4
 A defendant's in-court representations that his guilty plea meets these standards are conclusive unless compelling evidence, such as ineffective assistance of counsel, is presented to show that the plea was not actually voluntary and informed. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167 (4th Cir.1981). Bartlett gave such representations at his guilty plea hearing. To justify withdrawal of his plea now, Bartlett would need to show that his attorney's representation was outside the range of competence demanded of attorneys in criminal cases and that, but for his attorney's unprofessional errors, he would not have pled guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985).
 
 
 5
 After a two-day evidentiary hearing, at which Bartlett, both attorneys who had worked in his defense, one of the government attorneys and other witnesses testified, the district court concluded that Bartlett's plea had been informed and freely made. We agree that the record and the testimony lead to the conclusion that Bartlett was neither coerced, threatened nor frightened into pleading guilty and that the facts which he allegedly fabricated to support his plea were facts concerning which the government already had evidence. Numerous witnesses, including Bartlett's wife, were scheduled to testify to these facts at trial.
 
 
 6
 In No. 88-7558, Bartlett appeals the sentence he received for perjury, which was a five-year prison term and a $100,000 fine. We remanded his earlier appeal of this sentence in order to be sure that the district court had considered all the factors set out in 18 U.S.C. Sec. 3622 in imposing this sentence. At the close of the evidentiary hearing, the district court reimposed this sentence on Bartlett and described in detail its reasons for doing so. We are satisfied that the requirements of Sec. 3622 have now been met and affirm the amended judgment order.
 
 
 7
 Bartlett also has asked to be allowed to supplement the record on appeal by presenting as an additional ground for withdrawal of his guilty plea the sentencing court's supposed failure to comply with the requirements of Rule 11, Federal Rules of Criminal Procedure. Because this matter was not raised in the district court, it is not properly before this Court and we do not consider it. United States v. Gardner, 579 F.2d 474 (8th Cir.1978).
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Bartlett was initially charged with murder for hire (18 U.S.C. Sec. 1952A and 2) and conspiracy to commit murder for hire (18 U.S.C. Sec. 371)