**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

ROBIN CARLTON BROWN, a/k/a Robert

Chariton Brown, a/k/a Robert
Charleton Brown, a/k/a Robert
Charlton Brown, a/k/a Robert D.
Brown,
Defendant-Appellant.

No. 95-5322

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Leonard D. Wexler, Senior District Judge, sitting by designation.
(CR-94-687)

Submitted: April 9, 1996

Decided: April 19, 1996

Before WILKINS and WILLIAMS, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David P. McCann, Charleston, South Carolina, for Appellant. J. Pres-
ton Strom, Jr., United States Attorney, Brucie H. Hendricks, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Robin Carlton Brown for knowingly making a false statement to a federally licensed firearms dealer in connection with the acquisition of a firearm in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(1)(B) (West Supp. 1996) (Count 1), and for possessing a firearm while being a convicted felon in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e) (West Supp. 1996) (Count 2). Brown appeals, contending that his Fourth Amendment rights were violated and that the evidence was insufficient to support his convictions. Because we find no merit to Brown's claims, we affirm his convictions.

I.

After the grand jury indicted Brown, federal agents arrested him while he sat in a car with his girlfriend. They removed Brown from the car, but Brown's girlfriend stayed in the passenger's seat while agents conducted a search to protect themselves and to look for weapons. No weapons were found. But agents did seize Brown's driver's license from an open map pocket on the driver's door. Agents verified that they had arrested the right man and that the information on the license matched the information provided on ATF Form 4473.

Before trial, Brown moved to suppress the driver's license, contending that the arresting officers left Brown's girlfriend in the car as a pretext to conduct a protective search for weapons and other evidence. The district court denied the motion, finding that no Fourth Amendment violation occurred.

At trial, the Government introduced evidence that in December 1993, a man purchased a 9mm pistol from the Best Buy Gun Shop in Charleston, South Carolina. Joseph Howell, a federally licensed

2

firearms dealer, owned the gun shop and handled the transaction.[1] The purchaser completed ATF Form 4473, identifying himself as Robin Charlton Brown, and presented his driver's license bearing the number 004388686. Howell compared the picture on the license with the purchaser. The purchaser indicated on the form that he had not been convicted in any court of a crime punishable by imprisonment for a term exceeding one year. Had the purchaser answered this question in the affirmative, Howell testified that he would not have completed the sale. Howell also testified that after he completed a purchase, he gave the firearm to the person who completed the ATF form. The 9mm pistol sold to the man originated from outside South Carolina.

Fingerprints on the ATF form completed by the purchaser identifying himself as Robin Charlton Brown at the Best Buy Gun Shop matched those of the defendant, Robin Carlton Brown. In addition, a handwriting expert compared the handwriting on the ATF form to Brown's handwriting and concluded that Brown completed the ATF form. Brown was a convicted felon.

At the close of the Government's case-in-chief, Brown moved for a judgment of acquittal on both counts, which the court denied. A jury found Brown guilty on both counts, and the court sentenced him to a total of 180 months imprisonment followed by a total of five years of supervised release. This appeal followed.

II.

Brown challenges the district court's denial of his motion to suppress the driver's license, contending that the search violated the Fourth Amendment because it was not made to protect the arresting officers or to prevent the destruction of evidence and because agents intentionally waited until Brown entered his car before arresting him. This claim is meritless.

Brown's driver's license was seized during a search incident to a lawful arrest.[2] Agents searched the car after Brown had been removed

_____

**1** Howell testified at trial based on his normal procedures and business records rather than from independent recollection.
**2** Brown does not allege that the arrest was unlawful.

3

from the car and arrested on the charges in the indictment. Once Brown was under arrest, agents were free to conduct a search of the car's interior, including the open map pocket on the driver's door. Therefore, the license was properly seized under current Fourth Amendment jurisprudence. United States v. Robinson, 414 U.S. 218, 224 (1973) (stating that police may search arrestee pursuant to a lawful arrest); New York v. Belton, 453 U.S. 454, 459-61 (1981) (extending search incident to lawful arrest to search of passenger compartment of vehicle and any containers within passenger compartment). Accordingly, we find that the district court properly denied Brown's suppression motion. See United States v. Han, 74 F.3d 537, 540 (4th Cir. 1996) (stating standard of review).

Brown also contends that the district court erred by denying his motion for judgment of acquittal under Fed. R. Crim. P. 29. Brown asserts that the evidence at trial did not establish that he possessed the firearm because the Government did not introduce a firearm into evidence. We review a denial of a motion for acquittal under a sufficiency of evidence standard. Fed. R. Crim. P. 29; see United States v. Smith, 44 F.3d 1259, 1269-70 (4th Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3817 (U.S. May 15, 1995) (No. 94-8163). The relevant question is not whether we are convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. United States v. Gullett, 75 F.3d 941, 947 (4th Cir. 1996); see Glasser v. United States, 315 U.S. 60, 80 (1942). If substantial evidence exists to support a verdict, the verdict must be sustained. Glasser, 315 U.S. at 80.

To sustain a conviction for making a false statement to a federally licensed firearms dealer in connection with the purchase of a firearm, the Government had to prove that Brown knowingly made a false statement to a licensed firearms dealer, that the false statement was made in the acquisition of a firearm, and that the false statement was likely to deceive the firearms dealer. United States v. Petitjean, 883 F.2d 1341, 1345 (7th Cir. 1989). Brown claims he never acquired the firearm. But § 922(a)(6) does not require that anyone receive a firearm, only that an attempted acquisition was made. United States v. Gardner, 579 F.2d 474, 476-77 (8th Cir. 1978). Further, Howell testi-

4

fied that he was a federally licensed firearms dealer and that he handled a transaction with a person identifying himself as Robin Charlton Brown. Brown completed the ATF form, stating that he had not been convicted of a crime punishable by more than one year imprisonment. Howell testified that had this question been answered in the affirmative, he would not have completed the sale. Therefore, allowing the Government the benefit of all reasonable inferences from the facts proven, United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982), a rational trier of fact could have concluded that Brown made a false statement to a federally licensed firearms dealer in connection with the acquisition of a firearm. See Gullett , 75 F.3d at 947; Glasser, 315 U.S. at 80.

We also find the evidence sufficient for a rational trier of fact to have convicted Brown of being a felon in possession of a firearm. The essential elements require proof that Brown previously had been convicted of a crime punishable by more than one year in prison; that Brown possessed, transported, shipped, or received a firearm; and that the firearm travelled in interstate commerce. United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995), cert. denied , ___ U.S. ___, 64 U.S.L.W. 3485 (U.S. Jan. 16, 1996) (No. 95-7106). Brown claims that he never possessed the firearm.**3**

The Government's primary evidence of possession consisted of the ATF form with Brown's fingerprints and handwriting on it and Howell's testimony that he routinely checks the ATF form against picture identification. The information on Brown's driver's license matched the information provided on the ATF form. And Howell testified that he always delivers the firearm to the person who completed the paperwork. When Howell delivered the 9mm pistol to Brown, it necessarily was within his immediate possession and control. United States v. Hayes, 919 F.2d 1262, 1265 (7th Cir. 1990). Taking the evidence in the light most favorable to the Government, Tresvant, 677 F.2d at 1021, a rational trier of fact could have concluded that Brown received the firearm from Howell when the sale was completed and

_____

**3** Brown stipulated that he had been convicted of a crime punishable of more than one year in prison. And testimony established that the 9mm pistol originated outside of South Carolina.

that Brown possessed it. <u>See Gullett</u>, 75 F.3d at 947; <u>Glasser</u>, 315 U.S. at 80.

III.

Accordingly, because the district court properly denied Brown's suppression motion and because the Government presented sufficient evidence to support Brown's convictions, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6