**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 01-21240
Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**TIMOTHY DALE WOOD,**

**Defendant-Appellant.**

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-419-ALL
--------------------

August 27, 2002
Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Timothy Dale Wood appeals from his conviction of making a false statement on an application to purchase firearms. He contends that the district court should have adjusted his offense level pursuant to U.S.S.G. § 2X1.1(b)(1), which governs attempt offenses, because he rescinded the underlying firearms transaction, and that the district court erroneously determined that it lacked authority to depart downward from the guideline sentencing range because he rescinded the transaction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wood's false-statement offense was not an attempt offense. See United States v. Guerrero, 234 F.3d 259, 262-63 (5th Cir. 2000), cert. denied, 532 U.S. 1074 (2001). The attempt guideline, U.S.S.G. § 2X1.1(b)(1), was inapplicable to his sentence. The record indicated that the district court denied Wood's downward departure request on its merits, not because the district court believed it lacked authority to depart. We lack jurisdiction to review the district court's decision not to downwardly depart. United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999).

**AFFIRMED.**