**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

—————————————

No. 01-20735
Summary Calendar

—————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PORTER LEE BUSH,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-00-CR-520-ALL)**

_____
October 2, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Porter Lee Bush appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). First, he challenges the denial of his motion to dismiss the indictment, claiming that, under *United States v. Lopez*, 514 U.S. 549 (1995), the Commerce Clause does not authorize federal courts to prosecute strictly local crimes. *Lopez*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

struck down 18 U.S.C. § 922(q), which criminalized possession of a firearm while in a school zone.

The denial of a motion to dismiss the indictment is reviewed *de novo*. **United States v. Wilson**, 249 F.3d 366, 371 (5th Cir. 2001). Our court has "repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question.... Indeed, this court has expressly stated that 'neither the holding in **Lopez** nor the reasons given therefor constitutionally invalidate § 922(g)(1)'". **United States v. De Leon**, 170 F.3d 494, 499 (5th Cir.) (quoting **United States v. Rawls**, 85 F.3d 240, 242 (5th Cir. 1996), *cert. denied,* 528 U.S. 863 (1999)).

Bush also cites **United States v. Bass**, 404 U.S. 336, 337 (1971), which interpreted former 18 U.S.C. § 1202(a) (crime for a felon to receive, possess, or transport any firearm "in commerce or affecting commerce"). The Court interpreted the possession component of the statute to require its own nexus to interstate commerce because the statute was ambiguous and because Congress had not clearly conveyed its intention to change the federal-state balance. **Id.** at 349. **Lopez** distinguished **Bass**, however, concluding that § 922(q) had no express jurisdictional element that would require an explicit connection with, or effect on, interstate commerce. **Lopez**, 514 U.S. at 562. Thus, Bush's reliance on **Bass** is misplaced. The district court did not err by denying Bush's motion to dismiss.

2

Next, Bush challenges the denial of his motion for a judgment of acquittal.  He claims the evidence was insufficient to show a "substantial effect" on interstate commerce because it showed nothing more than mere local possession of the firearm.

The denial of a motion for a judgment of acquittal is reviewed *de novo*.  **United States v. Guerrero**, 234 F.3d 259, 261 (5th Cir. 2000), *cert. denied*, 532 U.S. 1074 (2001).  We will affirm if the evidence is such that a rational trier of fact could have reasonably found the requisite elements of the offense beyond a reasonable doubt.  **Id.** at 262.

Our court does not interpret **Lopez** to require that the firearm must have had a "substantial effect" on interstate commerce.  If the firearm previously traveled in interstate commerce, § 922(g)(1)'s "in or affecting [interstate] commerce" element is satisfied.  **Rawls**, 85 F.3d at 242.

We also reject Bush's assertion that the testimony of the firearms expert was insufficient to establish an interstate nexus.  The Government presented testimony that established Binelli firearms were made in Italy and were imported to the United States to Maryland, but not Texas.  Accordingly, the jury could reasonably have inferred that, because Bush possessed a Binelli firearm, it traveled in interstate commerce.  His contention that the Government was required to show he transported or purchased the weapon is without merit.  **Rawls**, 85 F.3d at 242.

Finally, Bush claims the district court should not have concluded that his prior state conviction for the unauthorized use of a motor vehicle was a "crime of violence" under U.S.S.G. § 4B1.2. We review the district court's application of the Sentencing Guidelines *de novo*. *E.g., **United States v. Charles***, ___ F.3d ___, 2002 WL 1764147 at \*2 (5th Cir. 31 July 2002) (*en banc*).

The district court relied on ***United States v. Jackson***, 220 F.3d 635, 639 (5th Cir. 2000), *cert. denied*, 532 U.S. 988 (2001), binding precedent at the time Bush was sentenced, to determine that Bush's prior state conviction was a crime of violence. Our *en banc* court in **Charles** overruled **Jackson**, holding that the crime at issue in **Charles** (simple motor vehicle theft) "is a crime of violence under § 4B1.2(a)(2) only if, from the face of the indictment, the crime charged or the conduct charged presents a serious potential risk of injury to a person". 2002 WL 1764147 at \*3.

The charging instrument for Bush's unauthorized use conviction is not in the record. In these circumstances, we remand to the district court for resentencing so that it may "make the required determination whether the conduct set forth in the count of which the defendant was convicted 'presents a serious potential risk of physical injury to another'". **United States v. Turner**, 2002 WL 31002622 at \*2 (quoting **Charles** at \*3)

4

Therefore, we **AFFIRM** Bush's conviction; **VACATE** his sentence; and **REMAND** to the district court for resentencing in the light of *Charles*.

*AFFIRMED IN PART; VACATED IN PART; AND REMANDED*