# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3843

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Ray Appleby, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 15, 2004
Filed: August 23, 2004

_____

Before LOKEN, Chief Judge, BYE and MELLOY, Circuit Judges.

_____

LOKEN, Chief Judge.

Ray Appleby applied to purchase a handgun from a federally licensed dealer after pleading guilty to domestic assault in state court and while a state court Order of Protection was outstanding against him. He completed and signed an ATF Form 4473, falsely answering "no" to questions asking if he was subject to a domestic protection order or had been convicted of a misdemeanor domestic violence offense. Appleby returned to the dealer and cancelled the order during the federally mandated waiting period, but he was nonetheless charged and pleaded guilty to violating 18 U.S.C. § 922(a)(6), which prohibits making a false written statement likely to deceive

a licensed gun dealer regarding the lawfulness of the sale "in connection with the acquisition or attempted acquisition of any firearm."

The guidelines provide that U.S.S.G. § 2K2.1 applies to all violations of 18 U.S.C. § 922(a). See U.S.S.G. App. A. Appleby is a "prohibited person" as defined in 18 U.S.C. § 922(g)(8) and (9). Therefore, at sentencing, the district court[1] determined that Appleby's base offense level is 14. See § 2K2.1(a)(6) & comment. (n.6). Appleby appeals the resulting sentence, arguing that his base offense level should be determined under the attempt guideline, § 2X1.1, because he never acquired the firearm. Like the district court, we disagree and therefore affirm.

Appleby's contention is not supported by the plain language of the relevant guidelines provisions. Appendix A is unambiguous -- § 2K2.1 applies to all 18 U.S.C. § 922(a)(6) offenses. Within § 2K2.1 is an express cross-reference to § 2X1.1 "[i]f the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense." § 2K2.1(c)(1). However, the cross reference does not apply here because it is limited to attempts to commit "another offense," and that term is defined to exclude "firearms possession . . . offenses" like 18 U.S.C. § 922(a)(6). § 2K2.1, comment. (n.18). Thus, Appleby's base offense level is determined by § 2K2.1(a)(6).

Appleby urges us to ignore this plain language because it makes sense to apply § 2X1.1 "where the substantive offense (false statement) is punished under the target of the false statement (possession of a firearm by a prohibited person)" and the firearm was never possessed. But that argument misstates the focus of 18 U.S.C. § 922(a)(6). In Huddleston v. United States, 415 U.S. 814, 825 (1974), the Supreme Court surveyed the statute's legislative history and concluded that "any false

---

[1]The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota.

statement with respect to the eligibility of a person to obtain a firearm from a licensed dealer was made subject to a criminal penalty." Thereafter, the few circuits to consider the question have agreed that a § 922(a)(6) offense "is committed whether or not a firearm is successfully acquired." United States v. Gardner, 579 F.2d 474, 476-77 (8th Cir. 1978); see United States v. Brozyna, 571 F.2d 742, 745 (2d Cir. 1978). This being so, the Sentencing Commission reasonably concluded that the same guidelines provision, § 2K2.1, should apply to the false statement offense whether or not the defendant in fact acquired a firearm.

Appleby further argues that § 2X1.1 should apply in order to recognize his canceling of the firearm order as a mitigating circumstance. However, canceling the order was not the voluntary cessation of conduct leading up to a criminal act. Rather, as the district court recognized, the § 922(a)(6) offense was complete when Appleby submitted a materially false application to the gun dealer. Thus, § 2X1.1 by its terms does not apply. Of course, the district court retained the discretion to recognize this mitigating circumstance by sentencing Appleby at the bottom of the guidelines range produced by § 2K2.1.

Finally, we reject Appleby's contention that we should apply the rule of lenity. The rule does not apply because the guidelines unambiguously apply U.S.S.G. § 2K2.1 to all completed 18 U.S.C. § 922(a)(6) offenses. See United States v. Speakman, 330 F.3d 1080, 1083 (8th Cir. 2003).

The judgment of the district court is affirmed.

_____