United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60946
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN SCOTT MCLEMORE,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:05-CR-60-1

Before GARWOOD, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Steven Scott McLemore appeals his conviction and sentence for

health care fraud in violation of 18 U.S.C. § 1347. Although

McLemore was ineligible to participate in Medicare, Medicaid, or

any other federal health care benefit program due to a prior

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction for Medicare fraud, he nonetheless obtained employment with Medicare provider Medical South, Inc. McLemore fraudulently applied for and obtained a Medicare provider number for Medical South, Inc., which used the provider number to submit to Medicare and Medicaid reimbursement claims for medical services.

McLemore argues that the evidence is legally insufficient to support his conviction because there is no evidence that any of the reimbursement claims he submitted on behalf of Medical South were substantively false. McLemore contends that the indictment "overcharged" his conduct because there is no evidence that he fraudulently obtained or sought to obtain money or property from a federal health care benefit program. McLemore argues the trial court lacked jurisdiction to enter judgment because the Government failed to allege or to prove that his offense had an effect on interstate commerce. Alternatively, McLemore suggests that his conviction is invalid because there was a material variance between the allegations in the indictment and the proof at trial. Finally, McLemore argues that his sentence is unreasonable because the district court erroneously held him responsible for a loss equal to the amount of the reimbursement claims that he submitted on behalf of medical South using the fraudulently-obtained Medicare provider number. McLemore argues that although he submitted $612,142 in claims, only $322,236 in claims were actually paid and all of those payments reimbursed actual services. Indeed, McLemore argues that

2

there was no "loss" to be considered in the calculations required by the sentencing guidelines.

Our review of the evidence shows that a rational trier of fact could have reasonably convicted McLemore of health care fraud. *United States v. Guerrero*, 234 F.3d 259, 262 (5th Cir. 2000); *see* 18 U.S.C. § 1347(2). We find no error in the indictment. *United States v. Arlen*, 947 F.2d 139, 145 (5th Cir. 1991). Any variance between the indictment and the proof at trial was harmless. *United States v. Thomas*, 12 F.3d 1350, 1357 (5th Cir. 1994); *United States v. Cochran*, 697 F.2d 600, 604 (5th Cir. 1983).

Although the general rules for computing loss provide for crediting the value of any services actually rendered or property returned by the defendant against the amount of loss, *see* U.S.S.G. § 2B1.1, comment. (n.3(E)(i)), more specific rules govern frauds involving government agencies:

> "In a case involving a scheme in which . . . goods for which regulatory approval by a government agency was . . . obtained by fraud, loss shall include the amount paid for the property, services or goods transferred, rendered or misrepresented, with *no credit provided for the value of the those items or services*." U.S.S.G. § 2B1.1, comment. (n.3.(F)(v)) (emphasis added).

There is no setoff for the value of any services actually rendered or products provided. Furthermore, the determination of the amount of loss for calculations under U.S.S.G. § 2B1.1(b)(1) require the use of the greater of actual loss of *intended* loss. U.S.S.G. §2B1.1, comment. (n.3.(A)(i)-(ii)).

We conclude that McLemore's sentence, which was properly calculated under the advisory Sentencing Guidelines and is within the applicable guideline range, is reasonable. *United States v. Alonzo*, 435 F.3d 551, 553-54 (5th Cir. 2006).[1]

---

[1]During the Sentencing Hearing, McLemore argued that he did not actually intend to defraud Medicare of claim amounts because he never actually expected to receive the amounts he for which he filed claims. The district court dismissed this contention:

> Defense Counsel: "So even though a claim was submitted for more than the allowable, everybody knows when the claim's submitted, there's no intention or expectation that they're going to pay anything but the allowable."

> Court: "Are you saying the whole Medicare program is built on fraud?"

> Defense Counsel: "I'm not saying it's built on fraud at all, Your Honor. I'm saying if somebody submits a bill for a thousand dollars for a pair of shoes, they know Medicare is only going to pay what Medicare's reasonable and allowable is for a pair of shoes. So [McLemore] never intended to get what he submitted [$612,142], he only intended to get what was the allowable under Medicare rules [$322,236]. That's the real fact of what happened here."

> Court: "That's preposterous. . . . I don't believe he can do that. I don't think Medicare and Medicaid would do that. . . . I don't think you have sufficient proof to establish that point. I'm going to go with the intended loss, which is what he actually billed them and y'all can take it up with a higher authority as to whether or not that's the way everybody does it in Medicare or Medicaid. I don't have any proof of that. I suspect you may be right. It disappoints me. That's part of the problem with the whole

4

AFFIRMED.

---

program, I think."   5 R. 381–83.

Mr. McLemore does not argue this point on appeal.